(No. 46099.–

JOHN CLARKE, Appellant, v. THE VILLAGE OF AR-
LINGTON HEIGHTS *et al.,* Appellees.

*Opinion filed March 29, 1974.*

John Clarke, of Arlington Heights, *pro se.*

Jack M. Siegel, of Chicago, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion
of the court:

Plaintiff, John Clarke, filed an action in the circuit
court of Cook County against defendants, the Village of
Arlington Heights and Kenneth Bonder, the appointed
Village clerk. As a citizen and taxpayer of Arlington
Heights, plaintiff sought declaratory and injunctive relief.
He claimed that section 3–5–9 of the Illinois Municipal
Code (Ill. Rev. Stat. 1971, ch. 24, par. 3–5–9) mandated
that the Village clerk be elected. He further challenged the
validity of the Village's action in increasing the number of
its trustees from six, as set forth in that statute (Ill. Rev.
Stat. 1971, ch. 24, par. 3–5–2), to eight. The circuit court
granted defendants' motion to dismiss and we allowed an
appeal to be taken directly to this court pursuant to Rule
302(b). 50 Ill.2d R. 302(b).

The Village of Arlington Heights is a home-rule municipality. (Const. 1970, art. VII, sec. 6(a).) On November 20, 1972, the president and Village trustees passed ordinances permitting a special election on the question of whether the office of Village clerk should be filled by appointment or retain its elective status. The ordinances further proposed to increase the number of trustees by two, who would be elected for staggered terms in April, 1973. On December 18, 1972, the president and board of trustees adopted an ordinance canvassing and declaring the results of the special election. It was determined that both of the aforesaid propositions had been approved in the referendum. Plaintiff then commenced this action and prayed that the results of the election be declared null and void.

The pertinent constitutional provisions of section 6 of article VII necessary for consideration of this appeal provide as follows:

"(f) A home rule unit shall have the power subject to approval by referendum to adopt, alter or repeal a form of government provided by law ***. A home rule municipality shall have the power to provide for its officers, their manner of selection and terms of office only as approved by referendum or as otherwise authorized by law.

* * *

(i) Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive."

Section 9 of the General Transition Schedule for the 1970 Constitution states:

"The rights and duties of all public bodies shall remain as if this Constitution had not been adopted with the exception of such changes as are contained in this Constitution. All laws, ordinances, regulations and rules of court not contrary to, or inconsistent with, the

provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution. ***"

The applicable statutes provide:

"In each village incorporated under this Code, the electors therein shall elect 6 trustees. The term of office of the trustees shall be 4 years and until their successors are elected and have qualified. ***" Ill. Rev. Stat. 1971, ch. 24, par. 3—5—2.

"At the general election for trustees in each village and incorporated town, whether incorporated under a general or special act other than a village which was incorporated under a special act and which adopts Section 3—8—2, a clerk of the village or incorporated town shall be elected who shall hold office for a term of the same length of time as is provided in this Article 3 for the mayor in a city ***." Ill. Rev. Stat. 1971, ch. 24, par. 3—5—9.

Plaintiff argues that the aforementioned statutory provisions are in effect even though they were enacted prior to the 1970 Constitution because of the clear language of section 9 of the Transition Schedule that "All laws *** not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force." He maintains that the Village ordinances conflict with the Municipal Code and the latter must prevail. He reasons that section 6(f) of article VII permits a home-rule unit to alter its government and provide for the manner of its officers' selection to the extent that such modification is not in conflict with State law. Where the municipal action in this regard is contrary to legislative enactments, he contends that a municipality may not exceed that statutory mandate. To further buttress his position, plaintiff relies on section 6(i) of article VII. He interprets this section as allowing a home-rule unit to act concurrently with the State. But if the concurrent municipal actions are in conflict with State legislation, as here, then he urges that section 6(i) necessitates that State law governs.

The issue presented for review is whether a home-rule municipality by referendum approval, as set forth in section 6(f), may enact an ordinance contrary to the aforementioned provisions of the Illinois Municipal Code adopted in 1961. Plaintiff suggests that the choice evidenced by the electorate be invalidated because of the conflict created with these prior statutory prohibitions.

We must reject plaintiff's position. In *Kanellos v. County of Cook*, 53 Ill.2d 161, we held that a home-rule county need not require referendum approval in order to authorize the issuance of general obligation bonds even though a provision of the Counties Act enacted prior to and not in anticipation of the 1970 Constitution necessitated a referendum. It was stated at page 166:

> "The concept of home rule adopted under the provisions of the 1970 constitution was designed to drastically alter the relationship which previously existed between local and State government. Formerly, the actions of local governmental units were limited to those powers which were expressly authorized, implied or essential in carrying out the legislature's grant of authority. Under the home-rule provisions of the 1970 constitution, however, the power of the General Assembly to limit the actions of home-rule units has been circumscribed and home-rule units have been constitutionally delegated greater autonomy in the determination of their government and affairs. To accomplish this independence the constitution conferred substantial powers upon home-rule units subject only to those restrictions imposed or authorized therein."

In *People ex rel. Hanrahan v. Beck*, 54 Ill.2d 561, we approved an ordinance of a home-rule county which transferred the statutorily delegated duties of an elected official to one appointed by the president and approved by

the county board. We held that the statute, which originated in 1887, was superseded by contrary home-rule action.

The present case is analogous to our decisions in *Kanellos* and *Beck* and their rationale is applicable herein. We find that the Village of Arlington Heights may effect these structural revisions of its government pursuant to its constitutional authority explicitly set forth in section 6(f), which empowers it to provide for its municipal officers, the manner of their selection and term of office. (See generally Parkhurst, Two Years Later: The Status of Home Rule In Illinois, University of Illinois Bulletin, Vol. 71, No. 52, pp. 26-27 (1973).) This action takes precedence over the present legislative provisions of the Municipal Code limiting the number of Village trustees to six (par. 3—5—2) and requiring the election of a Village clerk (par. 3—5—9). As *Kanellos* and *Beck* make clear, a home-rule unit may preempt statutory provisions enacted prior to the adoption of our present Constitution, as was accomplished in the present instance.

Plaintiff relies upon the language contained in section 6(f) permitting a home-rule municipality "by referendum to adopt, alter or repeal a form of government provided by law." He appears to specifically argue that this phrase means that a home-rule municipality may choose between various governmental forms approved by the legislature. He concludes that the Village's action has resulted in a modification of its "form of government" in derogation of legislative authority. We must reject this conclusion. Plaintiff's construction would be contrary to the plain meaning of the aforesaid language.

The plaintiff's final contention that section 6(i) may be used to restrict the Village's action is not persuasive. We do not have here an exercise of concurrent power. Rather, the municipality has exercised the power given directly to it by the Constitution which is not limited by the legislature.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*