(No. 46494.—

PHILLIP R. TAYLOR, Appellant, v. THE COUNTY OF ST. CLAIR *et al.*, Appellees.

*Opinion filed May 29, 1974.*

John R. Sprague, of Belleville, and Edward Neville, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville (John M. Karns, Jr., Assistant State's Attorney, and Bruce N. Cook, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Phillip R. Taylor, filed an action in the circuit court of St. Clair County against the county, its clerk and the election commissioners of the city of East St. Louis, Illinois. He sought declaratory and injunctive relief to set aside the results of a county-wide referendum which overwhelmingly approved the proposition that the chairman of the St. Clair County Board would be selected by general election. Plaintiff further sought to prevent any election designed to nominate or elect candidates for this office. During the circuit court proceedings several county residents were allowed to intervene in support of the validity of the referendum. (Ill. Rev. Stat. 1973, ch. 110, par. 26.1.) The circuit court denied the relief requested in plaintiff's amended complaint. We permitted a direct appeal to be taken to this court (50 Ill.2d R. 302(b)) and set an expedited briefing schedule. Plaintiff raises numerous considerations, hereinafter enumerated, in support of his position that pertain to this State's 1970 Constitution.

Pursuant to the United States Supreme Court decision in *Avery v. Midland County, Texas,* 390 U.S. 474, 20 L. Ed. 2d 45, 88 S. Ct. 1114, the legislature enacted the County Board Act (Ill. Rev. Stat. 1971, ch. 34, par. 831 *et seq.*) to expedite reapportionment in compliance with the "one man, one vote" concept enunciated in *Avery.* (*Bridgewater v. Hotz,* 51 Ill.2d 103, 110-11.) Section 7 of the County Board Act of 1969 provided:

> "Any county board when providing for the reapportionment of its county under this Act may provide that the chairman of the county board shall be elected by the voters of the county rather than by the members of the board. In that event, provision shall be made for the election throughout the county of the chairman of the county board, but no person may be elected to serve as such chairman who has not been elected as a county board member to serve during the same period as the term

of office as chairman of the county board to which he seeks election. Whether the chairman of the county board is elected by the voters of the county or by the members of the board, he shall be elected to a 2 year term, to commence on the first Monday in May in 1972 and each 2 years thereafter." Ill. Rev. Stat. 1971, ch. 34, par. 837, effective October 2, 1969.

The St. Clair County Board consists of 29 members. (Ill. Rev. Stat. 1971, ch. 34, par. 832.) The chairman, who was also a board member, was traditionally chosen by the other members. At the time of reapportionment the county board did not provide that its chairman was to be elected for a two-year term by general election as permitted by section 7. Rather the former selection method was retained whereby the chairman was designated by the county board for the same period.

In March, 1972, a referendum on the proposition of whether to adopt the County Executive Act (Ill. Rev. Stat., 1972 Supp., ch. 34, par. 701 *et seq.*) was presented to the St. Clair County voters. This proposition would have permitted the general election of the county's chief executive officer for a four-year term (par. 707) but would have prohibited his election as a member of the county board (par. 708). The proposition was defeated.

In July, 1972, a resolution was introduced before the St. Clair County Board. It provided "Shall the Chairman of the County Board of St. Clair County be elected by the voters at large?" The county board did not adopt this resolution.

In the November, 1972, election the aforesaid proposition was submitted to the referendum approval of the voters and was adopted. We have been informed this proposition was placed on the ballot pursuant to section 28—4 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 28—4), which permits initiation of a referendum by voter petition.

While the record does not definitely indicate the term of county board chairman to be elected pursuant to the

county-wide referendum now at issue, the briefs of the respective parties and representations made in oral argument of this cause would seem to establish that the term is two years.

A March, 1974, primary election was held to determine the candidates to run for chairman of the county board. At the forthcoming election this year 16 positions on the county board are also to be filled. The remaining 13 members of the board are not required to seek election at this time.

Plaintiff initially contends that the election of a chairman of the county board is violative of section 3 of article III of the 1970 Constitution, which requires that "All elections shall be free and equal." Plaintiff reasons that section 7 of the County Board Act requires that the chairman's position be filled by a board member. Since only 16 county districts are to elect a board member in 1974, he maintains that in the remaining 13 districts only the incumbent board member may seek election as chairman. He argues that all the voters of these 13 districts have therefore been deprived of the opportunity to file nominating petitions as possible candidates for chairman. Defendants do not dispute the factual basis of plaintiff's argument. Rather they are unable to discern any infirmity in this procedure.

Section 9 of the County Board Act (Ill. Rev. Stat. 1971, ch. 34, par. 839) established that a certain number of board members were to be initially elected for two-year terms while the remainder were elected to a four-year period. All successors would thereafter be elected for a four-year term. Any qualified person might therefore seek election to the county chairmanship in the 16 districts in which board members are to be elected in 1974, and only incumbent board members in the remaining 13 districts might choose to seek this position. In 1976 the opposite result would occur, thereby permitting the 16 incumbent board members to seek the position of county board

chairman without opposition from any otherwise qualified individuals in their respective districts. Under this County Board Act, had the St. Clair County Board opted to have its chairman designated by general election as alternatively permitted by section 7, the same circumstances which give rise to plaintiff's complaint would have occurred. Moreover, we further note that during a four-year period all persons qualified to seek election as board members might also choose to run for chairman of the county board.

In *Bridgewater v. Hotz,* 51 Ill.2d 103, we had occasion to construe section 3 of article III of the 1970 Constitution in the context relating to the argument advanced by plaintiff. It was stated at page 112, "an election is free which gives every qualified voter the right to cast his vote without restraint [citation], and equal 'when the vote of each voter is equal in its influence upon the result to the vote of every other elector—where each ballot is as effective as every other ballot.' " We do not find that the circumstances of this case transcend the constitutional mandate relating to free and equal elections.

Plaintiff raises various arguments relative to the local government article of the 1970 Constitution. The sections pertinent to these considerations are as follows:

"(b) The General Assembly by law shall provide methods available to all counties for the election of county board members. No county, other than Cook County, may change its method of electing board members except as approved by county-wide referendum." Art. VII, sec. 3(b).

"(a) Any county may elect a chief executive officer as provided by law. He shall have those duties and powers provided by law and those provided by county ordinance.

* * *

(c) Each county shall elect a sheriff, county clerk and treasurer and may elect or appoint a coroner, recorder, assessor, auditor and such other officers as provided by law or by county ordinance. Except as changed pursuant to this Section, elected county officers shall be elected for terms of four years at general elections

as provided by law. Any office may be created or eliminated and the terms of office and manner of selection changed by county-wide referendum. Offices other than sheriff, county clerk and treasurer may be eliminated and the terms of office and manner of selection changed by law. Offices other than sheriff, county clerk, treasurer, coroner, recorder, assessor and auditor may be eliminated and the terms of office and manner of selection changed by county ordinance." Art. VII, secs. 4(a) and 4(c).

Plaintiff maintains that section 4(c) of article VII does not refer to the office of county board chairman and before the applicability of this section might be considered it would be necessary to create the position by county-wide referendum. Plaintiff asserts that the November, 1972, referendum did not purport to create the office. In support of this position plaintiff refers to language in section 4(c) which reads "Any office may be created or eliminated and the terms of office and manner of selection changed by county-wide referendum." Plaintiff interprets this language as requiring referendum approval not only for the creation of the office but also for the determination of the manner of selection.

Plaintiff's position overlooks the fact that the office of county board chairman already existed as evidenced by section 7 of the County Board Act, thereby making it unnecessary for the November, 1972, referendum to encompass the creation of the office. Nor do we find persuasive his position regarding section 4(c) of article VII, which plaintiff asserts would require the creation of a county office by referendum before the term of office and manner of selection may be comparably altered. Such construction is improper. It would unduly restrict the intent evidenced in section 4(c), which now permits greater local control to be exercised over local governmental positions (*People ex rel. Hanrahan v. Beck*, 54 Ill.2d 561, 566), and would result in the needless attempt to "create" an office which was already functioning.

Plaintiff also contends that section 4(c) of article VII provides that, with the exception of offices specifically set forth, the terms of office and manner of selection of other county officers may be changed by county ordinance. Plaintiff argues that no ordinance was passed permitting the election of the county board chairman.

Section 4(c) authorizes various methods of establishing county governmental structure. As applied to this case, it provides that any county office may be subject to referendum modification regarding the manner of selection for that office. We conclude that adoption of a county ordinance in this instance was not necessary to effectuate a change in the manner of selection for chairman of the county board. The plain language of section 4(c) permits local referendum action relating to county offices without a correlative statute or ordinance.

Plaintiff avers that section 2 of the County Board Act (Ill. Rev. Stat. 1971, ch. 34, par. 832) authorized reapportionment of county districts that would exist for a 10-year period. At this time the St. Clair County Board exercised its option to appoint rather than elect its chairman pursuant to section 7 of this statute. It is argued that the county board's action is therefore binding for a 10-year period. This argument is not convincing and is in direct contradiction to the intent of section 4(c) of article VII permitting various methods of establishing or eliminating certain county offices or modifying the terms of office or manner of selection.

Alternatively, it is urged that section 4(c) of article VII was not intended to include the chairman of the county board within its provisions. Plaintiff maintains that section 3(b) of article VII governs the general structure of county boards and section 4(a) provides that "any county may elect a chief executive officer as provided by law." Plaintiff submits that the applicable statute permitting election is the County Executive Act, which the voters of St. Clair County refused to accept. This construction is

contrary to the unequivocal language of section 4(c) that the term of *any* county office and manner of its selection may be modified by county-wide referendum. *Cf. Clarke v. Village of Arlington Heights,* 57 Ill.2d 50, 54.

During oral argument plaintiff has raised several issues. He has questioned the validity of the petitions which were circulated to place this matter on the November, 1972, ballot. We do not believe that the issue is properly before us because plaintiff did not raise this matter in the circuit court or in his brief filed herein. Moreover, it is assumed that a public official acts in accordance with law (*City of Chicago v. Ben Alpert, Inc.,* 368 Ill. 282, 288) and there is no indication in the record that the petitions filed in support of the referendum were improperly accepted by the official designated to receive them by section 28—4 of the Election Code. Ill. Rev. Stat. 1971, ch. 46, par. 28—4.

Plaintiff further contends that the chairman of the county board will not be elected for a term of four years. He asserts that this contravenes section 4(c) of article VII. This issue was not presented in the circuit court, the record is devoid of the necessary factual matters to fully determine the matter, and it has not been adequately briefed in this appeal, thereby rendering consideration of the matter inappropriate.

Finally, plaintiff has suggested that the primary has been held and that one of the candidates eligible to be elected as county board chairman is also a candidate for election as a member of the board. Plaintiff alludes to difficulties which might occur should this individual be elected as chairman yet be defeated for a position on the county board because section 7 of the County Board Act requires that the position of chairman must be filled by a current board member. His observations are based on mere conjecture and further discussion is unnecessary.

Accordingly, the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*