ROBERT KOERNER, Petitioner-Appellee, v. MUNICIPAL OFFICERS ELECTORAL BOARD OF COAL CITY *et al.*, Respondents-Appellants.

Third District   No. 3—90—0145

Opinion filed October 18, 1990.

Arthur C. Thorpe, of Klein, Thorpe & Jenkins, Ltd., of Chicago, and John M. Tira, of Tira & Tira, of Coal City (Patrick A. Lucansky, of counsel), for appellants.

Rosenthal, Murphey, Coblentz & Janega, of Chicago (Peter D. Coblentz, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Robert Koerner, filed a petition requesting a referendum on the issue of changing the Village of Coal City's commission form of government to a president-trustee form of government. Under the proposition, the trustees were to be elected from separate districts within the village. The respondent, M.J. McEvoy, filed an objector's petition with corespondent, the Municipal Officers Electoral Board of the Village of Coal City (Electoral Board or Board). Following a hearing, corespondents Richard W. Roseland, Gerald Provance and Carol Haughtigan, members of the Electoral Board, sustained one of the objections raised by McEvoy and held the petition to be invalid. Petitioner appealed to the circuit court of Grundy County, which reversed the decision of the Electoral Board and ordered the proposition be placed on ballot for the March 20, 1990, election. The vote was in favor of the proposition. The respondents appeal.

The facts in the instant case are not in dispute. The Village of Coal City is a non-home-rule municipality with a population under 5,000. The petition asked that the following proposition be submitted to the voters:

"Shall the Village of Coal City be governed by a Village Board consisting of a President elected at-large and one Village Trustee elected from each of 6 districts?

Yes

_____

No"

McEvoy raised three objections to the petition for referendum. The Electoral Board denied two of the objections. However, the Board sustained McEvoy's objection that "the Petition for Referendum does not comply with the statutory provisions for the election of a Board of Trustees for the Village in single member districts." On appeal, the circuit court held the Board's ruling was incorrect and that the proposition in the petition was valid. The court ordered that the proposition be placed on the March 20, 1990, ballot.

On appeal, the parties raise numerous objections and cross-objections. However, we find that our determination on the issue squarely presented to the circuit court makes it unnecessary to reach the other

issues raised.

Section 7 of article VII of the Constitution of the State of Illinois (Ill. Const. 1970, art. VII, §7) provides in pertinent part: "Counties and municipalities which are not home rule units shall have only powers granted to them by law and the powers (1) \*\*\*; (2) by referendum, to adopt, alter or repeal their forms of government provided by law; (3) in the case of municipalities, to provide by referendum for their officers, manner of selection and terms of office."

The Illinois Municipal Code (Code) provides for a president-trustee form of government for villages and incorporated towns. (Ill. Rev. Stat. 1989, ch. 24, par. 3—5—1 *et seq.*) The Code contemplates a board of trustees comprised of six members, although villages with a population under 5,000 may elect by referendum to have only four trustees. (Ill. Rev. Stat. 1989, ch. 24, pars. 3—5—2, 3—5—2a.) In villages with a population of 5,000 or more, the village can be divided "into 6 compact and contiguous districts of approximately equal population," with each district represented by one trustee elected from that district. Ill. Rev. Stat. 1989, ch. 24, pars. 3—5—5, 3—5—6.

The issue in this case is whether the Village of Coal City, with a population under 5,000, can adopt a president-trustee form of government which divides the municipality into districts for purposes of electing trustees.

■ Much of the parties' arguments in this case center on the powers of home rule units verses the powers of non-home-rule units. However, the Illinois Constitution grants both home rule and non-home-rule units the power to "adopt, alter or repeal" their form of government "provided by law." (Ill. Const. 1970, art. VII, §§6(f), 7(2).) We need not reach the issue of whether the scope of that power is different depending on the government unit's status as home rule or non home rule. The decision in the instant case rests solely on an interpretation of a non-home-rule unit's powers under article VII, section 7.

The respondents contend that the circuit court erred in reversing the Electoral Board's decision, because the Village of Coal City cannot adopt a form of government which is contrary to the provisions of the Illinois Municipal Code, namely that dividing into trustee districts is limited to villages with a population of 5,000 or more. In response, the petitioner points to the fact that article VII, section 7(2), of the Constitution allows non-home-rule units to "alter" the forms of government provided by the legislature in the Illinois Municipal Code. The petitioner argues that the 5,000-person population requirement is a provision which a village can alter in order to meet the specific needs of the municipality.

■ We do not read the term "alter" in section 7(2) as allowing local governmental units to completely abrogate the basic requirements for forms of government set forth in the Illinois Municipal Code. The 5,000-person population requirement in sections 3—5—5 and 3—5—6 of the Code are not provisions which can be altered by a municipality. The population requirement rests on the legislature's judgment that villages with populations under 5,000 persons are not large enough to be divided into separate districts. To allow a municipality to "alter" this requirement would render sections 3—5—5 and 3—5—6 meaningless. The population requirement is a basic provision of the statute governing the president-trustee form of government. The requirement cannot be "altered" by a municipality.

The petitioner's reliance on *Clarke v. Village of Arlington Heights* (1974), 57 Ill. 2d 50, 309 N.E.2d 576, is misplaced. In *Clarke,* the Illinois Supreme Court upheld a home rule municipality's power to increase the number of trustees from six to eight, when the statute (Ill. Rev. Stat. 1989, ch. 24, par. 3—5—2) provides for six trustees. The issue of whether a municipality can alter the number of trustees to meet its particular needs is distinguishable from the question of whether a municipality must meet certain basic requirements of the statutes before it can adopt a particular form of government. The other cases cited and relied on by the parties to support their respective arguments (*League of Women Voters v. County of Peoria* (1987), 121 Ill. 2d 236, 520 N.E.2d 626; *Boytor v. City of Aurora* (1980), 81 Ill. 2d 308, 410 N.E.2d 1; *Taylor v. County of St. Clair* (1974), 57 Ill. 2d 367, 312 N.E.2d 231) are similarly distinguishable and of little help in determining the issue before us.

We also find no merit to petitioner's contention that dividing into trustee districts is simply a "manner of selection" which municipalities are allowed to select under section 7(3) of article VII.

■ In sum, we find the petition was invalid because it proposed a form of president-trustee government which, because of its population, the Village of Coal City could not adopt.

Therefore, the judgment of the circuit court of Grundy County is reversed and remanded with directions that the circuit court affirm the decision of the Electoral Board and vacate the results of the election.

Reversed and remanded with directions.

SCOTT and GORMAN, JJ., concur.