**Lavaughn R. POTTS, Appellee,**

v.

**Dorothy L. POTTS, Appellant.**

No. 2–57453.

Supreme Court of Iowa.

April 14, 1976.

Eldon L. Colton, Cedar Rapids, for appellant.

R. B. Wolfe, Mount Vernon, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This appeal concerns the effect on a disabled parent's child support obligation of social security disability payments made to his dependent children. We hold such social security payments may be credited against the parent's child support obligation during, but not beyond, the period of his disability. We reverse the part of the trial court's decree which allowed credit beyond the period of disability in this case.

The parties stipulated to the facts. A modified divorce decree ordered plaintiff father to pay defendant mother $25.50 each week toward the support of their two dependent children. On November 15, 1971, plaintiff suffered a disabling injury. He did not pay child support from then through March 31, 1974. Social security disability payments to defendant for the dependent children commenced June 1972 and terminated 18 months later in November 1973. Those payments totalled $5105.20.

Plaintiff sought a trial court ruling that the amount by which the social security payments exceeded his child support obligation for the months in which they were made be credited against his prior and subsequent child support obligation. The social security payments exceeded plaintiff's obligation during the period they were paid by $1899.60. Plaintiff had a child support arrearage of $661.90 which accrued between the date of his injury and the date social security payments commenced. He had an arrearage of $442.00 which accrued after social security payments terminated.

The trial court ruled in plaintiff's favor. The effect of the ruling was to wipe out plaintiff's child support arrearage and leave him as of March 31, 1974, with $795.70 credit toward his future child support obligation. In this appeal, defendant contends plaintiff is entitled to credit for the social security payments only to the extent of his child support obligation for the months in which those payments were made. She alleges he consequently owed $1103.90 in back child support as of March 31, 1974.

We have not previously been confronted with this problem, but analogous situations have been presented in other states. In those states, government dependency benefits have been credited against support obligations for the benefit period. *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348 (1962) (social security); *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200 (1963) (social security); *Brooks v. Brooks,* 204 Ga. 412, 49 S.E.2d 881 (1948) (servicemen's dependents allowance); *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649 (1975) (social security); *Cohen v. Murphy,* 330 N.E.2d 473 (Mass.1975) (veteran's benefits and social security); *Kipping v. Kipping,* 186 Tenn. 247, 209 S.W.2d 27 (1948) (servicemen's dependents allowance).

The courts which allow credit for social security disability payments against the disabled parent's child support obligation reason that dependency benefits are not a mere gratuity from the federal government. The benefits have been earned in part through the employee's payment of social security taxes. 42 U.S.C. § 301 et seq. Their purpose is to replace income lost because of the employee's disability. Under these circumstances, it is equitable to treat dependency benefits as a substitute for child support for the period during which such benefits are paid. *Horton v. Horton, Andler v. Andler, Cohen v. Murphy,* supra. Defendant in this case does not challenge plaintiff's entitlement to credit for the period during which social security benefits were paid. She only objects to crediting him in excess of his obligation for those months.

Two cases have dealt with the question of credit against a child support obligation beyond the period in which social security benefits are paid. In *Andler v. Andler,* supra, the Kansas court refused to give a father credit for such payments beyond the extent of his child support obligation during the benefit period. The court held that the amount by which each monthly social security payment exceeded the monthly child support obligation must be viewed as a gratuity. *Id.* 217 Kan. at 654, 538 P.2d 649. In *Fowler v. Fowler,* 156 Conn. 569, 244 A.2d 375 (1968), the court refused to give a father any credit against his child support

obligation, even for the benefit period, under the particular facts of the case. There the father had completely ignored his support obligation for more than five years before the social security payments started. The court held it was not an abuse of discretion for the trial court to refuse to credit any part of the social security payments against the father's child support arrearage and to find him in contempt of court.

Neither of these cases involved facts like those here. In the present case the record does not show plaintiff was in default at the time he suffered his disabling injury. For some undisclosed reason, social security disability dependency benefits did not commence until six months later. No claim is made that his failure to make support payments during that period was willful. Under the meager record with which we have been provided, we infer that his arrearage for that period was caused by the disability for which social security benefits were later paid. However, the record does not show his disability continued after cessation of social security payments. We may not infer that the benefits stopped before his disability ended.

 We agree with the general principle adopted in the *Andler* case. Credit of excess payments against a past or future obligation amounts to an irregular variance of the terms of the decree. It may also frustrate the primary purpose of the social security payments, which is to meet the current needs of the dependents. *Montgomery v. Iowa Department of Social Services,* 209 N.W.2d 30 (Iowa 1973). Ordinarily a disabled parent should be credited for social security dependency payments only to the extent of his child support obligation during the period such benefits are paid. This will usually cover the period of disability. But in an exceptional case like the present one where a child support arrearage occurred because of a lapse of time between the occurrence of the disability and the commencement of benefit payments, any excess of payments over obligation during the benefit period may fairly be credited

against that arrearage. Such credit does not unreasonably vary the decree or divert the social security benefits from their purpose. However, no credit may equitably be given against the parent's obligation after his disability has ended.

Therefore, we hold the trial court did not abuse its discretion in giving plaintiff credit against his child support arrearage which accrued from the date of his disability, November 15, 1971, until the disability ended in November 1973. But we hold the court erred in giving him credit against his support obligation after that date. As of March 31, 1974, plaintiff had an arrearage of $442.00 against which he was not entitled to credit.

Costs of this appeal are taxed to plaintiff.

AFFIRMED IN PART AND REVERSED IN PART.