**Ralph O. NEWMAN, Appellee,**

v.

**Cheryl A. NEWMAN, Appellant.**

**No. 88–1676.**

Supreme Court of Iowa.

Feb. 21, 1990.

Myron L. Gookin of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.

Richard J. Gaumer of Webber, Gaumer & Emanuel, P.C., Ottumwa, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal arises from a declaratory judgment action that posed one question: Should a custodial parent be required, on a

844

theory of unjust enrichment, to pay restitution to a disabled noncustodial parent for social security dependent benefits which exceeded the amount of court-ordered child support? We think not, and therefore reverse the district court's contrary ruling.

The facts giving rise to this controversy are not disputed. The marriage of Ralph and Cheryl Newman was dissolved in 1977. Cheryl was awarded custody of the parties' sons, Ronald and Larry. Ralph was ordered to pay monthly child support of $350 until March 1986 (Ronald's eighteenth birthday) and $175 thereafter until October 1987 (Larry's eighteenth birthday).

Ralph has not been gainfully employed since August 1979. For the next five years, however, he faithfully paid child support. At no time did he obtain a modification of his child support obligation. He reportedly borrowed the funds to make his timely payments.

In June 1984, Ralph applied for social security disability benefits. He claimed physical injuries stemming from his work as a welder; his recovery was based, however, on severe hypochondriasis and bipolar disorder. Ralph began receiving social security disability income payments in January 1985. Three months later, in April 1985, Cheryl received a lump sum dependent benefit of $8194 for the period from the onset of Ralph's disability (August 1979) through the time of the award. Thereafter, she received monthly benefits of $330 (later increased to $340) until the youngest son, Larry, graduated from high school. Ralph made no child support payments during this period and Cheryl does not contest Ralph's failure to do so.

In February 1987, Ralph brought this declaratory judgment action to recover from Cheryl those sums paid to her by the Social Security Administration that were in excess of his court-ordered child support obligation for the same period. Cheryl concedes that the contested amount is $11,474. The controversy centers on Cheryl's claim that this sum represents a "gratuity" to the children, and Ralph's claim that Cheryl has received twice the child support to

which she was entitled and has therefore been "unjustly enriched" at his expense.

The trial court ruled in Ralph's favor. It noted that under *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976), Ralph would have been entitled to a credit against unpaid child support for social security disability payments made for the benefit of his children. Given this premise, the court concluded that Ralph's timely payments were made "through misapprehension and mistake of law." Applying the doctrine of unjust enrichment, the court reasoned that Cheryl had unfairly benefited from Ralph's mistake. Thus, the court ordered Cheryl to pay Ralph "an amount equal to the social security disability payments from January 1983 to January 1985 in the approximate sum of $330 per month." It is from this ruling that Cheryl has appealed.

I. The rule in Iowa is that a child support award may be offset by social security benefits during the period in which the benefits are received; any broader application would amount to "an irregular variance of the terms of the decree." *Potts*, 240 N.W.2d at 682. In this respect, *Potts* is in line with other jurisdictions which hold that a lump-sum payment may satisfy the noncustodial parent's obligation only for the month in which it is received, even though the lump-sum represents benefits for a prior period. *See McClaskey v. McClaskey*, 543 S.W.2d 832, 835 (Mo.App. 1976); *Children & Youth Servs. v. Chorgo*, 341 Pa.Super. 512, 519, 491 A.2d 1374, 1380 (dicta) (1985). The rule is premised on the importance of meeting the *current* needs of children, thereby protecting their right to regular and uninterrupted support. *Potts*, 240 N.W.2d at 682; *McClaskey*, 543 S.W.2d at 835. Enforcement of the rule eliminates the disincentive which obligors would otherwise have to suspend their support payments pending application for disability benefits. *McClaskey*, 543 S.W.2d at 835. The receipt of excess government benefits over the monthly child support obligation is equitably deemed a gratuity to the children. *Potts*, 240 N.W.2d at 681; *Andler v. Andler*, 217 Kan. 538, 544, 538 P.2d 649, 653 (1975).

Applying the *Potts* rule to the present case, Ralph is clearly entitled to credit for the period in which his children actually received benefits. That period was from April 1985 (when Cheryl received the lump-sum payment) through May 1987 (when benefits ceased upon Larry's graduation from high school). Because Ralph made no payments during this period, he fully availed himself of the benefit of the *Potts* rule.

 That does not end the inquiry, however. In the "exceptional case" where an arrearage occurs because of the time lag between onset of the disability and commencement of benefits, *Potts* also holds that the disabled parent should in fairness be allowed a credit toward the arrearage based on the assumption that the nonpayment resulted from the disability. *Potts*, 240 N.W.2d at 682. Ralph seizes on this theory to support his claim of restitution for payments back to 1979. Under the present record, however, Ralph has made no showing that his disability deprived him of the financial resources to meet his obligation. *See Potts*, 240 N.W.2d at 682; *Potter v. Potter*, 169 N.J.Super. 140, 149, 404 A.2d 352, 356 (1979); *Romero v. Romero*, 101 N.M. 345, 347, 682 P.2d 201, 203 (N.M. App.1984). To the contrary, Ralph satisfied his obligation in full.

It is to Ralph's great credit that he dutifully complied with his court-ordered child support obligation in spite of his apparent disability. At the same time, he did not pursue whatever right he may have had to a modification of his obligation. To allow him to retroactively do so now would be patently unfair to the custodial parent who has long since parted with the funds to support her charges.

 As between the parties, the burden of seeking modification of a support order rightfully lies with the parent who seeks to offset a support obligation against social security benefits. *See, e.g., In re Estate of Nakaerts*, 106 Ill.App.3d 166, 170, 61 Ill. Dec. 950, 953, 435 N.E.2d 791, 794 (1982); *Joachim v. Joachim*, 57 A.D.2d 546, 393 N.Y.S.2d 63, 64–5 (1977). This assignment of responsibility dovetails with the statutory scheme which allows for modification upon proof of a substantial change in circumstances relating to "employment, earning capacity, income or resources of a party." Iowa Code § 598.21(8)(a) (1987); *In re Marriage of Shepherd*, 429 N.W.2d 145, 146 (Iowa 1988). Such modification works prospectively, however. The retroactive forgiveness of child support liability that Ralph proposes would fly in the face of our long-standing rule that a court has no authority to divest the parties of rights accrued under the original decree. *E.g., Shepherd*, 429 N.W.2d at 146–47; *Gilliam v. Gilliam*, 258 N.W.2d 155, 156 (Iowa 1977); *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964).

 II. Neither Ralph's dutiful payment of child support nor his failure to obtain a modification of that obligation can be fairly termed a "mistake" or "misapprehension of the law" entitling him to restitution for Cheryl's "unjust enrichment." The doctrine of unjust enrichment applied by the trial court simply does not fit the circumstances and cannot be upheld.

We hold that a disabled parent who does not seek modification of a child support obligation may not later claim "unjust enrichment" by the custodial parent who receives social security as well as child support payments. Because the district court reached the opposite result in this case, we reverse and remand for dismissal of Ralph's claim against Cheryl. Cheryl's claim for attorney fees is denied. *See Norton v. Adair Co.*, 441 N.W.2d 347, 364 (Iowa 1989) (attorney fees not recoverable in absence of statutory rights).

REVERSED AND REMANDED.