JUNE CHILDERSON, Plaintiff-Appellant, v. MYRON J. HESS, Defendant-Appellee.

Fifth District   No. 5—89—0202

Opinion filed May 14, 1990.

June Marie Childerson, of Highland, appellant *pro se.*

No brief filed for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:
■■ The plaintiff, June Childerson, appeals from the order of child support for her 16-year-old son, Douglas, alleging that the amount is inadequate. Defendant has not filed a brief in this court; however, the issue is such that this court can decide the case without the aid of defendant's brief. (See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) Plaintiff alleges numerous issues on appeal; however, we need only discuss whether the court erred in the amount of the support awarded and whether the court erred in holding that social security payments for the benefit of the minor child satisfied defendant's obligation. Issues concerning payment of maternity expenses and reimbursement of public aid cannot be reviewed due to the inadequacy of the record.

On October 2, 1987, plaintiff filed a "Petition to Determine the Existence of the Father and Child Relationship," which alleged that defendant was the father of her son, Douglas, then age 15. On September 26, 1988, defendant acknowledged that he was the father of Douglas, and the case proceeded to trial on the issue of child support. It was stipulated that defendant, age 66, earned $12,449 as a union member of the operating engineers and had $6,755 income from social security. Through his union because of his age he was allowed to work up to 250 hours per year. Monday after trial was defendant's last work day, because he could not work 250 hours at age 67. Defendant then would be completely retired, and his income would be $981 per month: $412 from his union pension and $569 from social security.

Plaintiff receives $368 per month from social security for Douglas, now 16, on the basis that he is defendant's dependent. Plaintiff receives annually a net income of $11,891. In October 1988, petitioner was to receive a raise of 7% on the gross income.

Plaintiff testified that Douglas, who was born on August 23, 1972, is a junior in high school, making A's and B's. Plaintiff listed the following monthly expenses: rent, $400; payment on loan of $1,500 from Southern Illinois University credit union, $93; automo-

bile expenses, $270; medical, life, and hospital insurance, $51; doctor and dental bills, $40; medicine, $22; union dues, $33.50; and food for herself and Douglas, $500. Although Douglas has a slight heart murmur, he can play tennis and basketball with his friends. Douglas plans to go to college, but plaintiff does not earn enough to set money aside for such purpose. Plaintiff's car will soon have to be replaced due to its age and poor condition. In order to meet everyday living expenses, she obtained a $2,800 loan from Mastercard.

Defendant testified that he had no additional sources of income other than work as an operating engineer, his pension, and social security.

The court calculated defendant's child support obligations as follows: $981 income from the pension and social security times 20% (see Ill. Rev. Stat. 1987, ch. 40, par. 505) equals $196. The court noted that Douglas was receiving almost twice $196 from social security. The court ruled:

> "There is no case law specifically on whether the Court should disregard the Social Security that is being received by the minor in setting child support, but I think the better rule of law, as I've discussed with counsel already, would be to give Mr. Hess credit for having these benefits for the young man, and my ruling is going to be that his child support obligation is satisfied by the Social Security payments that are being made."

The court continued the cause for the parties to determine on whose medical plan it would be the most advantageous to carry Douglas.

On October 24, 1988, the court entered a final order which ordered defendant to provide health and hospital insurance for Douglas.

Plaintiff filed a petition for rehearing which was denied February 28, 1989. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff's main issue is: whether payments to the minor child from defendant's social security and defendant's providing health insurance coverage on behalf of the minor satisfy defendant's support obligations. Plaintiff believes the court should have ordered payment of further support from the income and assets of defendant. She cites no cases in support of her position.

The amount of an award of child support is a matter within the sound discretion of the trial court, and the award will not be disturbed on appeal absent an abuse of discretion. Such an abuse of discretion occurs only where no reasonable person would take the view

adopted by the trial court. (*In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 812, 439 N.E.2d 1005, 1008.) In determining child support, the courts, in proceedings under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*), are directed to the statutory guidelines set forth in the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 1 *et seq.*) (Ill. Rev. Stat. 1987, ch. 40, par. 2514(a)). Section 505(a) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)) states, in relevant part:

"(1) The Court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |
| 2 | 25% |
| 3 | 32% |
| 4 | 40% |
| 5 | 45% |
| 6 or more | 50%." |

Strictly following the guidelines, respondent should pay 20% of his net income, or $196 a month, the amount the trial court determined the statute required the court to assess. The statute allows the court to set an amount in excess of the guidelines. Ill. Rev. Stat. 1987, ch. 40, par. 505(a)(2)(e).

█ In the case at bar, it was not established that defendant has any income other than his social security or pension. Defendant, age 67, is now completely retired. There is no indication that the retirement was an effort to avoid child support payments. On the contrary, defendant testified that he had worked a maximum of 250 hours per year but could no longer do so apparently due to union rules. This court cannot find that the trial court abused its discretion in awarding child support in accordance with the statutory guidelines.

█ We must also consider whether the court abused its discretion in finding that defendant's support obligation was satisfied by the social security payments on behalf of Douglas. We again find no abuse of the trial court's discretion.

Our research has found no Illinois case squarely on point. Courts of our sister States have held that social security disability payments and social security retirement benefit payments for minor children may be credited toward the father's obligation to pay support. (*Cash v. Cash* (1962), 234 Ark. 603, 353 S.W.2d 348; *Horton v. Horton* (1963), 219 Ga. 177, 132 S.E.2d 200; *Chase v. Chase* (1968), 74 Wash. 2d 253, 444 P. 2d 145; *Andler v. Andler* (1975), 217 Kan. 538, 538

P.2d 649; *Cohen v. Murphy* (1975), 368 Mass. 144, 330 N.E.2d 473; *In re Marriage of Robinson* (Colo. App. 1982), 651 P.2d 454; *Binns v. Maddox* (Ala. App. 1976), 327 So. 2d 726; *Potts v. Potts* (Iowa 1976), 240 N.W.2d 680.) The reasons for credit are plain. The United States Congress has seen fit to place the Federal government in the role of insurer in order to afford members of the work force the protection and security of insurance against future disability. The fundamental nature of the social security system is a form of insurance in every sense of that word. Benefits paid out by a governmental insurer, under a policy of insurance for which the insured has paid premiums, are no more gratuitous than benefits paid out by a private insurance company. (*Andler*, 217 Kan. at 541, 538 P.2d at 653.) Because the law had created a contributory insurance system, the employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, has earned the benefits, and they are not a gift. Since the amount of child support required to be paid is determined largely by income, this court can see no reason why, in discharging the obligation to pay child support, social security payments should not be credited, because often social security substitutes for lost income. (See *Mooneyham v. Mooneyham* (Miss. 1982), 420 So. 2d 1072.) In considering the extent of the setoff to be allowed, a father is entitled to credit only up to the extent of his obligation for monthly payments of child support. The excess is regarded as a gratuity to the child under the order of support. (*Andler*, 217 Kan. at 543, 538 P.2d at 654; *Robinson*, 651 P.2d at 455-56.) We agree with this rationale. In the case at bar, the minor child was receiving $368, which exceeded the court-ordered support award, due to defendant's contributions to the social security system. The excess over $196 is considered a gratuity to the child. We can find no abuse of discretion by the trial court in finding the social security payments satisfied the support obligation.

In her petition to determine the existence of the father and child relationship, she also asked that defendant be made to pay the reasonable expenses of her pregnancy and to reimburse the Illinois Department of Public Aid for any payment previously provided for the benefit of the minor child. Plaintiff presented no evidence on these issues in the trial court. No evidence was presented on the expenses she incurred during delivery and pregnancy. No evidence was presented as to public aid payments, if any, plaintiff received for the benefit of the parties' son. This issue was not presented in the circuit court, the record is devoid of the necessary factual matters to fully determine the matter, and it has not been adequately briefed in this

appeal, thereby rendering consideration of the matter inappropriate. *Taylor v. County of St. Clair* (1974), 57 Ill. 2d 367, 375, 312 N.E.2d 231, 235.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

LEWIS, P.J., and HARRISON, J., concur.