**Harris C. (Sonny) MILLER, Appellant,**

v.

**Joyce Elaine MILLER, Appellee.**

**No. S–5682.**

Supreme Court of Alaska.

March 3, 1995.

---

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Joyce Elaine Miller, pro se.

Before MOORE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and BRYNER, J., pro tem.[*]

## OPINION

BRYNER, Justice, pro tem.

### I. INTRODUCTION

This appeal arises from divorce proceedings between Harris (Sonny) and Joyce Miller and presents a question of first impression for this court: whether a divorced parent who is required to pay support to a child under Alaska Civil Rule 90.3 is entitled to child support credit for social security payments the child receives on the parent's behalf. We hold that the parent is entitled to receive such credit.

### II. FACTS AND PROCEEDINGS

Joyce and Sonny Miller married in Anchorage, on November 22, 1981. Approximately two and a half years later, Joyce gave birth to a daughter, Holly. Joyce filed for divorce on June 26, 1991. Trial was held before Superior Court Judge Charles Cranston on November 9–10, 1992. Judge Cranston awarded legal and primary physical custody of Holly to Joyce and ordered Miller to pay monthly child support of $272.64 pursuant to Alaska Civil Rule 90.3.[1] This payment

---

[*] Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

1. The court initially ordered Sonny to pay child support in the amount of $503.96 based on his 1991 income. Upon reconsideration, the court found that its initial calculation of Sonny's income was overstated due to capital gains realized by Sonny in 1991. The court then reduced Sonny's child support obligation to $272.64.

reflects a percentage of Sonny's income for the years preceding the divorce.

At the time of trial Sonny was retired. Following the parties' separation, but shortly before trial, Sonny reached the age of 65 and became eligible for social security benefits under the Social Security Act. *See* 42 U.S.C. § 301 *et. seq.* Through social security, he began receiving $958 per month in retirement benefits. As Sonny's daughter, Holly also became eligible for monthly social security payments of $371; Joyce began receiving regular monthly payments from the Social Security Administration for Holly. These payments are referred to as "children's insurance benefits"; they are an integral part of Sonny's social security retirement benefits, and Holly's entitlement to them derives from Sonny's eligibility and past participation in the social security program. 42 U.S.C. § 402(d)(2).

 Upon being ordered to pay monthly child support for Holly, Sonny requested that Holly's $371 social security payments be credited against his child support obligation. Judge Cranston summarily denied Sonny's request. Sonny then filed this appeal, contending that the superior court erred in refusing to credit Holly's social security payments as child support.[2]

### III. DISCUSSION

#### A. SONNY'S RIGHT TO CHILD SUPPORT CREDIT FOR SOCIAL SECURITY BENEFITS PAID TO HOLLY

 Sonny argues that his $272.64 child support order should be offset by the social security payments that Holly receives. Alternatively, he argues that if he is not entitled to a dollar-for-dollar credit, the social security payments constitute "good cause" for variance of the child support obligation under Civil Rule 90.3.[3] Whether Sonny is entitled to credit for social security payments is a question of law that we review *de novo*. *See Langdon v. Champion*, 745 P.2d 1371, 1372 n. 2 (Alaska 1987) ("Under this standard it is our duty to adopt the rule of law that is most persuasive in light of precedent, reason, and policy.") (quoting *Brooks v. Brooks*, 733 P.2d 1044, 1055 (Alaska 1987)).

Although this court has not yet addressed the issue of whether social security benefits received by a child should be credited against a parent's child support obligation, "[t]he overwhelming majority of states that have considered this issue allow a credit for Social Security benefits paid to dependent children." *Pontbriand v. Pontbriand*, 622 A.2d 482, 484 (R.I.1993). *See also*, Bruce I. McDaniel, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child*, 77 A.L.R.3d 1315 § 5 (1977 & Supp.1994).

Courts have been careful to point out that, unlike welfare and other forms of public assistance, social security benefits represent contributions that a worker has made throughout the course of employment; in this sense, benefits represent earnings in much the same way as do annuities paid by an insurance policy:

---

**2.** Sonny argues, alternatively, that he should not have been required to pay child support at all because he is not Holly's biological father. However, Sonny did not dispute his parental responsibility for Holly before or during the divorce proceedings. He sought to raise the issue for the first time in a motion for reconsideration. Sonny's motion—filed twenty days after distribution of the court's memorandum of decision in the divorce case, was untimely. *See* Alaska R.Civ.P. 77(k). Moreover, the issue was improperly raised in the motion for reconsideration, since it had never previously been raised. *Id.* Finally, in asserting this argument below, Sonny made no showing of good cause for his failure to raise the issue in a timely manner. The superior court did not address the issue. Under the circumstances, we hold that Sonny's failure to properly raise this issue below precludes his attempt to raise it on appeal. *See Gates v. City of Tenakee Springs*, 822 P.2d 455, 460 (Alaska 1991) (stating that claims raised for the first time on appeal will not be considered); *Lumbermen's Mut. Casualty Co. v. Continental Casualty Co.*, 387 P.2d 104, 109 (Alaska 1963) (court will not consider matters "that were not made issues in the trial court, by either the pleadings or the pre-trial order or that were not tried before the court").

**3.** Civil Rule 90.3(c)(1) provides, "The court may vary the child support award as calculated under the other provisions of this rule for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied."

The payments prescribed by them [the Social Security Act] are not gratuities or matters of grace; they are not public assistance; they are not welfare payments. On the contrary, the law created a contributory insurance system, under which what in effect constitute premiums are shared by employees and employers. Consequently, in spirit at least, if not strictly and technically, the employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, should be deemed to have a vested right to the payments prescribed by the statutory scheme, which in effect comprises the terms of the insurance policy. He has earned the benefits; he is not receiving a gift.

*Schmiedigen v. Celebreeze*, 245 F.Supp. 825, 827 (D.D.C.1965). *See also Andler v. Andler*, 217 Kan. 538, 538 P.2d 649, 653 (1975) ("The purpose of social security is the same as that of an insurance policy with a private carrier, wherein a father insures against his possible future disability and loss of gainful employment by providing for the fulfillment of his moral and legal obligations to his children"). The majority view thus regards social security benefits as earnings of the contributing parent and, for this reason, allows benefits paid to a child on the parent's behalf to be credited toward child support obligations. *Pontbriand*, 622 A.2d at 484–85.

We find the majority view persuasive. The primary purpose of Civil Rule 90.3 "is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of the parents to pay." Alaska R.Civ.P. 90.3 Commentary I(B). *See also Doyle v. Doyle*, 815 P.2d 366, 373 (Alaska 1991) (stating that the determination of whether to grant a "good cause" variance from the Rule 90.3 formula "must focus first and foremost on the needs of the children"). Social security benefits payable to a child are geared toward fulfilling the same objective. Although the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions. "In theory, at least, the actual *source* of the payments is of no concern to the party having custody as long as they are in fact made." *Davis v. Davis*, 141 Vt. 398, 449 A.2d 947, 948 (1982). *See also Children & Youth Services v. Chorgo*, 341 Pa.Super. 512, 491 A.2d 1374, 1377 (1985) ("[S]ince the child will still receive the same amount of support which the court has decided he should have, it does not matter to that party that the obligor is given credit.").

Although most of the relevant cases from other states have addressed the issue in the context of social security disability benefits rather than retirement benefits—the type of benefits at issue here—there appears to be no theoretical basis for distinguishing between the two types of payment. The handful of cases considering retirement benefits have declined to find any distinction between disability and retirement benefits, and they have adhered to the majority view. *See Childerson v. Hess*, 198 Ill.App.3d 395, 144 Ill.Dec. 551, 554, 555 N.E.2d 1070, 1073 (1990); *Lopez v. Lopez*, 125 Ariz. 309, 311, 609 P.2d 579, 581 (1980); *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962). We see no reason to treat retirement benefits any differently than disability benefits.[4]

Sonny contributed to social security throughout his career and earned the benefits that Holly receives. We conclude that Sonny must be credited for the social security payments made to Holly on his behalf.[5]

---

**4.** Some jurisdictions apparently allow the trial judge discretion to apply the credit on a case-by-case basis. *See Matter of Estate of Patterson v. Quaintance*, 167 Ariz. 168, 172, 805 P.2d 401, 405 (1991); *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145, 149 (1968). We find it preferable to treat benefits payable to the child as child support payments. *See Chorgo*, 491 A.2d at 1378; *Davis*, 449 A.2d at 948–949. To the extent that adjustments to the contributing parent's support payments may be warranted, such adjustments can be made by the superior court on a case-by-

case basis under Civil Rule 90.3. *See infra* note 5.

**5.** In reaching this conclusion we do not mean to suggest that the availability of benefits to the child should necessarily be irrelevant to the determination of the amount of child support payments a parent should be required to make. As we hold in the next section of this opinion, benefits payable to a child must be included as income of the contributing parent for purposes of establishing the appropriate amount of child sup-

### B. WHETHER SOCIAL SECURITY BENEFITS PAYABLE TO HOLLY SHOULD BE TREATED AS INCOME TO SONNY

■ Our decision that the social security benefits Holly receives through Sonny must be credited toward Sonny's child support obligation requires us to consider the subsidiary issue of whether such payments should be included as income in calculating Sonny's child support obligation. Civil Rule 90.3 Commentary III(A) defines "income" as "total income from all sources. This phrase should be interpreted broadly to include benefits which would have been available for support if the family had remained intact." *Id.* (citation omitted).

■ In deciding that the social security benefits Holly receives as Sonny's dependent child should be credited as child support payments by Sonny, we reasoned that those benefits are essentially earnings derived by Sonny from his past social security contributions. By parallel reasoning, the benefits should be counted as income to Sonny.[6] Given the broad definition of income under Civil Rule 90.3, and in order to avoid granting a windfall to Sonny, we find it necessary to include social security benefits payable to Holly on his behalf as income for purposes of the Rule 90.3 calculation of income.[7]

## IV. CONCLUSION

We REVERSE the trial court's decision and hold that Sonny is entitled to child support credit for the social security payments that Holly receives.[8]

---

port under Civil Rule 90.3. Moreover, Rule 90.3 allows variance from the formula prescribed therein upon proof, by clear and convincing evidence, of manifest injustice. The availability of social security benefits may be considered as a factor in determining whether variance from the Rule 90.3 formula is necessary to avoid manifest injustice. In the present case, Joyce did not attempt to prove, and the court did not purport to find, that Holly would suffer manifest injustice as a result of receiving child support payments limited to the amount prescribed by Rule 90.3.

A related issue is whether a child support modification hearing should be required when the child of a non-custodial spouse becomes eligible for social security benefits subsequent to a child support award. The issue is not before us in this case, and we decline to decide it. We note, however, that a minority of jurisdictions require a support modification hearing. *See Hinckley v. Hinckley*, 812 P.2d 907, 911–12 (Wyo. 1991); *Matter of Estate of Patterson*, 805 P.2d at 405; *Arnoldt v. Arnoldt*, 147 Misc.2d 37, 554 N.Y.S.2d 396, 398 (1990); *Chase*, 444 P.2d at 149. A majority of jurisdictions allow the non-custodial parent an automatic credit for social security payments made to a child on the non-custodial parent's behalf. *See Weaks v. Weaks*, 821 S.W.2d 503, 506 (Mo.1991).

6. Since we have deemed the benefit payments to Holly to be the equivalent of child support payments, excluding those benefits from Sonny's income would seem no more defensible than deducting ordinary child support payments from Sonny's income.

7. Increasing the income that the superior court relied on in establishing Sonny's current payments by the amount of the benefits payable to Holly, and applying the Rule 90.3 formula to the resulting total, yields a new child support figure of $346.84 per month.

It might be argued that the social security benefits payable to Holly should, at most, offset all but $50 of this amount. Civil Rule 90.3(c)(1)(B) contemplates that a non-custodial parent should pay "a minimum child support amount of no less than $50 per month." This provision might be interpreted to require an out-of-pocket payment of at least $50 by Sonny. Such an interpretation, however, would cast the rule in a distinctly penal light and would be inconsistent with its primary purpose of ensuring that the needs of children are adequately met. We decline to construe Rule 90.3 as precluding Sonny's social security benefits from offsetting the full amount of his support obligation.

8. Our order of reversal does not preclude Joyce from moving for recalculation of appropriate child support based on a showing of "good cause" for varying the amount established under Rule 90.3. *See supra* note 5.