In re the MARRIAGE OF Kathleen
J. HILMO and Chris A. Hilmo.

Upon the Petition of

Kathleen J. Hilmo n/k/a Kathleen
J. Gerety, Appellant,

and Concerning

Chris A. Hilmo, Appellee.

No. 99–1196.

Supreme Court of Iowa.

March 21, 2001.

Dennis D. Jasper, Bettendorf, for appellee.

Daniel D. Bernstein of William J. Bribriesco & Associates, Bettendorf, for appellant.

TERNUS, Justice.

The issue presented in this case is whether social security disability benefits paid to a disabled parent's children should be considered income to the disabled parent in calculating the disabled parent's income for purposes of setting child support. Under the circumstances of this case, we agree with the court of appeals that such benefits are income to the disabled parent and should be included as such for purposes of determining child support payments. Therefore, we affirm the court of appeals decision that affirmed, as modified, the district court's calculation of the parties' respective child support obligations.

I. *Background Facts and Proceedings.*

The parties to this action, Kathleen Gerety and Chris Hilmo, were divorced in 1992. Physical custody of their three minor children was awarded to Kathleen, and Chris was required to pay child support.

In 1998 Chris filed a modification action seeking a reduction in child support based on the fact that he had become legally blind. There was no dispute that Chris was disabled. At that time, he was receiving $1232 per month in social security disability benefits, and Kathleen, as the representative payee of Chris's minor children, received $600 per month in benefits. The court concluded that Chris's disability was a substantial change in circumstances and ordered that the benefits received by the children should be offset against Chris's child support obligation.

In 1999 Chris filed the present modification action seeking a reduction in his child support. By this time the parties' oldest child had turned eighteen and the parties' middle child, Danielle, was permanently residing with Chris. The parties agreed that physical custody of Danielle should be awarded to Chris. By virtue of this change in custody, Chris received $300 each month in dependent social security disability benefits on behalf of Danielle, and Kathleen received $300 each month in dependent benefits for the parties' youngest child.

The disputed issue in this case is the amount of each party's child support. The

parties agreed that Kathleen earned gross income of $42,000 per year, and Chris's social security disability benefits and private pension benefits totaled $16,800 annually. They did not agree, however, on how the dependent disability benefits should be treated in two respects: (1) Should they be considered income to Chris? (2) Should the benefits be offset against the parties' child support obligations? The district court did not include the dependent benefits in its calculation of Chris's gross income, but did allow Chris a $300 offset against his monthly support obligation of $296.38. Kathleen was ordered to pay Chris $509.57 per month for Danielle's support. She was not allowed an offset for the benefits received by Danielle.

Kathleen appealed, and the case was transferred to the court of appeals. The court of appeals rejected Kathleen's request that the $300 in dependency benefits received by Chris on behalf of Danielle be offset against her monthly support obligation. The court did, however, conclude that the $600 in dependency benefits should be included in Chris's gross income. Using Chris's revised income figure, the court of appeals determined that Chris's child support under the child support guidelines was $427.57 per month and Kathleen's was $480.86 per month. Chris was allowed a $300 offset against his support obligation for the dependency benefits received by Kathleen as the representative payee for their youngest child.

We granted Chris's application for further review. He claims the court of appeals should not have included the dependency benefits received by his children in his gross income. Kathleen, in her resistance to the application for further review, contends that the court of appeals correctly determined the parties' respective child support obligations. She has apparently abandoned her request that she receive a

credit against her child support obligation for the dependency benefit paid to Danielle. Therefore, the sole issue presented for our consideration is the appropriateness of considering the full amount of dependency benefits as income to Chris.

■ Our review of this issue is de novo. See *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998); Iowa R. App. P. 4.

II. *Discussion.*

■ In determining child support, the court must first look to the child support guidelines. See *In re Marriage of Benson*, 495 N.W.2d 777, 780 (Iowa Ct. App. 1992).[1] Application of the guidelines requires a determination of the net monthly income of the parents. See *id.* ¿Net income is gross income less certain allowable deductions." See *In re Marriage of Lee*, 486 N.W.2d 302, 304 (Iowa 1992). Gross income is not limited to income that is reportable to the federal government as income: ¿Although veterans' disability benefits, social security disability or retirement payments, and workers' compensation benefits are exempt from federal taxes, they are properly considered as income in determining ... the amount of child support." *Id.* at 305 (holding that father's veterans' disability benefits were to be included as income for purposes of child support); *accord State ex rel. Pfister v. Larson*, 569 N.W.2d 512, 515 (Iowa Ct. App. 1997) (including noncustodial parent's social security retirement income in calculating that parent's net income under child support guidelines). While it is clear that Chris's social security disability benefits are included in his gross income for child support purposes, we have never decided whether *dependent* social security disability benefits are included in the disabled parent's gross income for child support purposes.

Courts from other jurisdictions are split on this issue. *Compare Drummond v.*

---

1. When custody is split between the parents, the trial court must separately calculate each parent's support obligation. See *In re Marriage of Hansen*, 465 N.W.2d 906, 910 (Iowa Ct. App. 1990). The court, in calculating the support owed by one parent, considers the other parent as a noncustodial parent. *See id.*

*State,* 350 Md. 502, 714 A.2d 163, 165 n. 2, 171 (Ct. App. 1998) (refusing to include dependent benefits as income to the disabled parent and refusing to give the disabled parent an offset for the benefits received by the child); *Graby v. Graby,* 87 N.Y.2d 605, 641 N.Y.S.2d 577, 664 N.E.2d 488, 492 (1996) (refusing to treat dependent social security disability payments as income of the disabled parent or as a credit against the parent's support obligation); *In re Marriage of Krompel,* 129 Or.App. 394, 879 P.2d 223, 224 (1994) (reaffirming *In re Marriage of Lawhorn,* 119 Or.App. 225, 850 P.2d 1126 (1993), wherein court held that dependent benefits are income of the child), *with Miller v. Miller,* 890 P.2d 574, 576–77 (Alaska 1995) (including social security retirement dependency benefits as income of the worker parent); *Nazworth v. Nazworth,* 931 P.2d 86, 89 (Okla.Ct.App.1996) (allowing obligor father credit for the social security disability benefits being paid to his children and requiring father to add these payments to his income for purposes of calculating child support); *In re Marriage of Maples,* 78 Wash.App. 696, 899 P.2d 1, 4 (1995) (holding that social security disability benefits paid to a child are considered part of the disabled father's income for child support purposes). It appears that courts allowing an offset against child support for benefits received by a dependent reason that these same benefits must be included in the disabled parent's income to prevent a windfall to the disabled parent.

In *Miller* the Alaska Supreme Court addressed this issue in the analogous situation of social security retirement dependency benefits. 890 P.2d at 576. The father argued that his child support obligation should be offset by the dependency benefits. *Id.* Although the Alaska court had not addressed the credit issue before, it noted that " '[t]he overwhelming majority of states that have considered this issue allow a credit for Social Security benefits paid to dependent children.' " *Id.* (quoting *Pontbriand v. Pontbriand,* 622 A.2d 482, 484 (R.I.1993)). The Alaska court decided

to join the majority of jurisdictions, stating that "[a]lthough the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions." *Id.* at 577. The court further concluded that because the benefits were "essentially earnings derived [from the father's] past social security contributions[,][b]y parallel reasoning, the benefits should be counted as income to [the father]." *Id.* at 578. It reasoned that since it had deemed the dependent benefits "to be the equivalent of child support payments, excluding those benefits from [the father's] income would seem no more defensible than deducting ordinary child support payments from [the father's] income." *Id.* at 578 n. 6.

In the *Maples* case, a Washington statute provided that social security disability payments made directly to the child "shall be treated for all purposes as if the disabled person paid the compensation toward satisfaction of the disabled person's child support obligation." 899 P.2d at 3–4. The statute did not specify whether these benefits should be included in the disabled person's income calculation. *Id.* at 4. The Washington appellate court held that dependent benefits should be considered as income to the disabled parent because to hold otherwise "would result in a windfall to the disabled parent, whose obligation would be unfairly reduced at the expense of the custodial parent." *Id.* The court stated the following rationale for its decision:

> Our interpretation follows and promotes the legislative goals expressed in the statute: provide for adequate support based on economic data; increase the equity of support orders by providing for comparable orders in comparable cases; and increase voluntary settlements through greater predictability. Our interpretation furthers the first goal by automatically including the disability

payments in the disabled parent's income to determine the standard calculation. It furthers the second goal of providing comparable orders—all children of disabled parents who receive direct disability payments will be similarly treated. Finally, our interpretation furthers the third goal—parties will always know that the disability payments must be factored into the disabled parent's income, instead of wondering whether and by how much a particular judge will follow the standard calculation or order a deviation.

Common sense also dictates that all disability payments be considered income of the disabled parent. Disability payments substitute for earned income. Were the parent not disabled, the parent would continue to earn income which would be counted as parental income. The substitutionary disability payments should similarly be counted as parental income. The payments are made directly to the children, or custodial spouse, to protect the children and insure that the payments are used for the children's benefit. But paying the child directly does not transform this substitute for the parent's earnings into income for the child.

*Id.* at 4–5; *accord In re Marriage of Briscoe,* 134 Wash.2d 344, 949 P.2d 1388, 1390 (1998).

We agree with the rationale of those courts that include dependent benefits as income of the disabled parent. In *Potts v. Potts,* this court held that a disabled parent should be allowed a credit against the disabled parent's child support obligation for dependent social security disability payments. 240 N.W.2d 680, 681 (Iowa 1976); *accord Newman v. Newman,* 451 N.W.2d 843, 844 (Iowa 1990) ("The rule in Iowa is that a child support award may be offset by social security benefits during the period in which the benefits are received."). We reasoned

dependency benefits are not a mere gratuity from the federal government. The benefits have been *earned* in part through the employee's payment of social security taxes. Their purpose is to *replace income* lost because of the employee's disability. Under these circumstances, it is equitable to treat dependency benefits as a substitute for child support for the period during which such benefits are paid.

*Potts,* 240 N.W.2d at 681 (emphasis added); *see also Pfister,* 569 N.W.2d at 516 ("The purpose of social security disability is to *replace income* lost because of the employee's disability." (Emphasis added.)). Having made the choice to allow the offset, in other words to treat the benefits as coming *from* the disabled parent, we must logically include these benefits as income of that parent. Whether the benefits are paid to the disabled parent or to the other parent makes no difference because in either event the benefits are a resource available to the disabled parent to satisfy his support obligation. *See generally Maples,* 899 P.2d at 4 (reasoning that dependent benefits are a resource available to satisfy the disabled parent's child support obligation and therefore "should be considered as income to him for purposes of calculating his child support obligation"). In both situations the dependency benefits are replacement income to the disabled parent and should be considered income to that parent for purposes of establishing child support. Therefore, we agree with the court of appeals that the $600 in dependent disability benefits should be included as income to Chris in calculating the parties' respective child support obligations.

### III. *Disposition.*

We affirm the court of appeals decision setting Chris's child support obligation at $427.57, with a credit for the $300 dependency benefit paid to Kathleen, and setting Kathleen's child support payment at $480.86, with no credit for the dependency benefit paid to Chris. Accordingly, we

also affirm the judgment of the district court as modified by the court of appeals.

**DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT AFFIRMED AS MODIFIED.**