**In re the MARRIAGE OF Valeta Joan BELGER and David Paul Belger.**

**Upon the Petition of Valeta Joan Belger, Appellee,**

**And Concerning David Paul BELGER, Appellant.**

No. 01–1093.

Supreme Court of Iowa.

Dec. 18, 2002.

Steven Gardner of Kiple, Denefe, Beaver, Gardner & Zingg, L.L.P., Ottumwa, for appellant.

Valeta Belger, Ottumwa, *pro se.*

Thomas J. Miller, Attorney General, and Christina Hansen and Karla Leffler, Assistant Attorneys General, for resister-Child Support Recovery Unit.

STREIT, Justice.

David Belger was ordered to pay child support following the dissolution of his marriage to Valeta Belger. Thirteen years after the court entered the dissolution decree, David retired and began to receive social security retirement benefits. In addition to regular support payments, David's child began to receive dependent retirement benefits. David sought an offset of his support obligation. The trial court refused the credit and the Iowa Court of Appeals affirmed. Because we

find a child support order should be credited to reflect a dependent child's receipt of social security dependent retirement benefits on behalf of an obligor parent, we vacate the court of appeals' decision, reverse the judgment of the district court, and remand.

## I. Background and Facts

In 1988, the marriage of Valeta and David Belger was dissolved upon entry of a decree pursuant to Iowa Code chapter 598 (1987). The decree provided David must pay child support for his four minor children. In 2001, David retired and began receiving retirement benefits from the Social Security Administration. By 2001, David was only paying child support for one child, Destria. In addition to Destria's mother receiving child support payments, Destria began receiving dependent benefits on account of David's retirement. David sought an offset of the $328 monthly support obligations by the $303 monthly social security dependent's benefits Destria received. The district court refused to order the credit. David appealed. Relying on *State ex rel. Pfister v. Larson*, 569 N.W.2d 512 (Iowa Ct.App.1997), the Iowa Court of Appeals affirmed the district court. David sought further review. He argues the court of appeals erred in finding David is not entitled to a child support credit for social security retirement payments the child receives on David's behalf.

## II. Scope of Review

■ We review cases involving child support obligations de novo. Iowa R.App. P. 4; *State ex rel. Nicholson v. Toftee*, 494 N.W.2d 694, 695 (Iowa 1993).

## III. The Merits

The only issue presented to us on further review is whether a parent's child support obligation may be credited to reflect social security retirement dependency benefits the child contemporaneously receives on behalf of the obligor parent. Valeta argues Iowa Code section 598.22 (2001) does not allow a credit for social security retirement benefits received by the child. David argues our decision in *In re Marriage of Hilmo* affirming the district court's credit for social security disability dependency benefits should be extended to allow a credit for similar retirement dependency benefits. *See* 623 N.W.2d 809, 813–14 (Iowa 2001). We turn first to Iowa Code section 598.22 to determine whether the issue of credits has been resolved by the legislature.

### A. Meaning of Iowa Code Section 598.22

■ Valeta argues Iowa Code section 598.22 contains a provision dealing exclusively with which types of benefits may be applied as a credit toward a child support order. Iowa Code section 598.22 provides, in part,

**Support payments—clerk of court—collection services center—defaults—security.**

All orders or judgments entered ... shall direct the payment of those sums to the clerk of the district court.... [A]ll income withholding payments shall be directed to the collection services center.... Payments to persons other than the clerk of the district court ... do not satisfy the support obligations created by the orders or judgments, except ... for dependent benefits paid to the child support obligee as the result of disability benefits awarded to the child support obligor under the federal Social Security Act....

An order or judgment entered ... [for] support or for income withholding shall be filed with the clerk.... [T]he clerk ... shall disburse the payments received ... within two working days of the receipt of the payments.... The

clerk ... shall not enter any moneys paid in the record book if not paid directly to the clerk....

If the sums ordered to be paid ... are not paid to the clerk ..., the clerk ... shall certify a default to the court....

Upon ... the failure of a person to make payments ..., the court may require the person to provide security, a bond, or other guarantee which the court determines is satisfactory to secure the payment of the support....

The clerk of the district court in the county in which the order for support is filed and to whom support payments are made ... may require the person obligated to pay support to submit payments by bank draft or money order if the obligor submits an insufficient funds support payment to the clerk of the district court.

Iowa Code § 598.22.

Valeta isolates one sentence of this lengthy statute to determine the entire statute's meaning. The sentence Valeta bases her argument upon reads,

Payments to persons other than the clerk of the district court ... do not satisfy the support obligations created ... except ... for dependent benefits paid to the child support obligee as the result of disability benefits awarded to the child support obligor under the federal Social Security Act.

*Id.* This sentence standing alone could be read to mean section 598.22 is a directive for the computation of child support payments. However, when the statute is read in its entirety, the intent of the legislature is clear.

■ When construing this statute, we consider the whole statute, including the title. *State ex rel. Bd. of Pharmacy Exam'rs v. McEwen,* 250 Iowa 721, 725, 96 N.W.2d 189, 191 (1959). The title, "Support payments—clerk of court—collection services center—defaults—security" indi-

cates this statute is intended to address the proper procedures for payment and collection of support payments. *See In re Marriage of Yanda,* 528 N.W.2d 642, 644 (Iowa Ct.App.1994) (section 598.22 is clear regarding the record-keeping for support payments). This section of the code deals not with the appropriate method of computation of support payments but with the *procedures* for the collection of support. *In re Marriage of Eklofe,* 586 N.W.2d 357, 362 (Iowa 1998). Valeta's interpretation of this statute ignores the numerous other provisions explaining how child support is to be paid and collected.

It is true this statute addresses credits for support obligations, but not as Valeta suggests it does. As applied, section 598.22 means "payments made to individuals or entities other than the clerk of court or the collection services center will not be deemed a credit on the official support record." *Id.* Contrary to Valeta's assertion, the section does not deal with the nature of credits to be made or denied in the calculation of support payments. It does not provide an exhaustive list of the types of payments that may be credited against the non-custodial parent's support obligation.

Though the legislature saw fit to refer to disability benefits in its terms concerning the method of payment of child support, it surely did not intend to exclude retirement benefits as a basis for credit. To use this statute as a means to disallow a credit for all other social security dependency benefits and relieve only those obligor parents receiving disability would be an injustice we assume the legislature did not contemplate. For reasons discussed below, we see no legitimate reason for differentiating between disability and retirement dependency benefits.

## B. Credit for Social Security Dependency Retirement Benefits

■ Though we have not before dealt with the issue of social security retirement dependency benefits, we have determined whether other types of social security payments made to a child should be credited against a parent's support obligation. We have held social security *disability* payments made to a dependent child should be credited against the disabled parent's child support obligation. *Potts v. Potts,* 240 N.W.2d 680, 682 (Iowa 1976). In *Newman v. Newman,* we stated the general rule that "a child support award may be offset by social security benefits during the period the benefits are received...." 451 N.W.2d 843, 844 (Iowa 1990). More recently, we held social security disability dependency benefits should be considered as part of the disabled parent's income for purposes of setting child support and affirmed an offset.[1] *In re Marriage of Hilmo,* 623 N.W.2d at 812–13. In *State ex rel. Pfister,* the court of appeals held a parent's child support obligation should not be offset by social security retirement dependency benefits. 569 N.W.2d at 516–17. The district court and court of appeals relied upon this case in their denials of a credit to David's child support obligation for the social security retirement dependency benefits his child received.

■ The legislative intent in establishing child support guidelines is to provide for the best interests of the child by determining an adequate level of support for children commensurate with the parents' income and resources. Iowa Code § 598.21 (2001); *In re Marriage of Beecher,* 582 N.W.2d 510, 513 (Iowa 1998). A parent's income serves as the primary ground upon which to determine the appropriate amount of a child support obligation. Consequently, the issue of whether social security benefits should be considered part of the obligor parent's income for purposes of determining the amount of child support is directly related to the issue of whether a credit should be given for such benefits. *See* Tori R.A. Kricken, *Child Support and Social Security Dependent Benefits: A Comprehensive Analysis and Proposal for Wyoming,* 2 Wyo. L.Rev. 39, 49 (2002) (hereinafter Kricken).

■ The majority of jurisdictions holding social security benefits are part of the parent's income have also determined a credit should be given for benefits received by dependent children. *See In re Marriage of Hilmo,* 623 N.W.2d at 812. *But see, e.g., Lopez v. Lopez,* 125 Ariz. 309, 609 P.2d 579, 581 (Ariz.Ct.App.1980). The rationale of these courts is that the failure to include the benefits as part of the income "leads to a determination of child support based upon an income figure that does not accurately reflect the income available to the family unit." *Jenkins v. Jenkins,* 243 Conn. 584, 704 A.2d 231, 236 (Conn.1998). We previously addressed the issue of what is to be considered part of a parent's income. We stated:

> Although veterans' disability benefits, social security disability or retirement payments, and workers' compensation benefits are exempt from federal taxes, they are properly considered as income in determining ... the amount of child support.

*In re Marriage of Hilmo,* 623 N.W.2d at 811 (quoting *In re Marriage of Lee,* 486

---

**1.** The custodial parent in *In re Marriage of Hilmo* did not appeal the district court's grant of a credit to the father's child support obligation reflecting social security disability dependency benefits received by his child. 623 N.W.2d at 811. We therefore affirmed the decision of the court of appeals and judgment of the district court on this issue. *Id.* at 813–14.

N.W.2d 302, 305 (Iowa 1992)). As we found in *Hilmo*, disability benefits are properly considered part of the non-custodial parent's income. Social security retirement benefits should similarly be considered part of the non-custodial parent's income for purposes of determining the appropriate amount of child support. Finding retirement dependency benefits are included as income for purposes of calculating child support, we must determine whether the same benefits should be allowed as a credit toward a child support obligation.

When we last examined whether to allow an offset for disability benefits, we cited *Miller v. Miller*, 890 P.2d 574 (Alaska 1995), as an analogous case dealing with retirement benefits. *In re Marriage of Hilmo*, 623 N.W.2d at 812. In *Miller*, the Alaska Supreme Court noted that "[t]he overwhelming majority of states that have considered this issue allow a credit for Social Security benefits paid to dependent children." *Miller*, 890 P.2d at 576 (quoting *Pontbriand v. Pontbriand*, 622 A.2d 482, 484 (R.I.1993)). The court explained,

> [a]lthough the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions.

*Id.* at 577. Because the "benefits were 'essentially earnings derived [from the obligor father's] past social security contributions [b]y parallel reasoning, the benefits should be counted as income to [the obligor father]." *Id.* at 578. The *Miller* court explained that dependent benefits are the "equivalent of child support payments." *Id.* at n. 6.

Several other jurisdictions examining this issue have either held or recognized that social security retirement benefits received by a dependent child on the obligor parent's behalf should be credited toward the obligor parent's support obligation. *See, e.g., Miller*, 890 P.2d at 577; *Lopez*, 609 P.2d at 581; *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348, 350 (Ark.1962); *In re Marriage of Bertrand*, 33 Cal.App.4th 437, 39 Cal.Rptr.2d 151, 152 (Cal.Dist.Ct.App. 1995); *Jenkins*, 704 A.2d at 236; *Childerson v. Hess*, 198 Ill.App.3d 395, 144 Ill.Dec. 551, 555 N.E.2d 1070, 1073 (Ill.App.Ct. 1990); *Bradley v. Holmes*, 561 So.2d 1034, 1036 (Miss.1990); *McClaskey v. McClaskey*, 543 S.W.2d 832, 834 (Mo.Ct.App.1976); *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10, 13 (Neb.1993); *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883, 885 (N.M.1980); *Lago v. Trabucco*, 207 A.D.2d 92, 621 N.Y.S.2d 824, 826 (N.Y.App.Div.1994); *Preston v. Preston*, 435 Pa.Super. 459, 646 A.2d 1186, 1187 (Pa.Super.Ct.1994); *In re Allsup*, 926 S.W.2d 323, 328 (Tex.App. 1996).

Of the jurisdictions examining this issue, the majority has declined to make a distinction between retirement benefits and disability benefits. *See Miller*, 890 P.2d at 577; *Lopez*, 609 P.2d at 581; *Cash*, 353 S.W.2d at 350; *Childerson*, 144 Ill.Dec. 551, 555 N.E.2d at 1073. *See generally* Kricken, 2 Wyo. L.Rev. at 67.

> Although most of the relevant cases from other states have addressed the issue in the context of social security disability benefits rather than retirement benefits—the type of benefits at issue here—there appears to be no theoretical basis for distinguishing between the two types of payment.

*Miller*, 890 P.2d at 577 (citing *Childerson*, 144 Ill.Dec. 551, 555 N.E.2d at 1073; *Lopez*, 609 P.2d at 581; *Cash*, 353 S.W.2d at 350). Common sense dictates that social security disability benefits should not be treated any differently than social security retirement dependency benefits for the

purpose of calculating an obligor parent's support obligation.[2]

■ Both types of benefits have been earned in part through the obligor parent's payment of social security taxes.

The "right" to Social Security benefits is in one sense "earned," for the entire scheme rests on the legislative judgment that those who in their productive years were functioning members of the economy may justly call upon that economy, in their later years, for protection....

*Andler v. Andler*, 217 Kan. 538, 538 P.2d 649, 653 (Kan.1975) (quoting *Flemming v. Nestor*, 363 U.S. 603, 610, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435, 1444 (1960)). Social security disability payments are intended to replace lost income due to the employee's disability. *In re Marriage of Hilmo*, 623 N.W.2d at 813. In the same manner, social security retirement benefits are intended to replace lost income due to the employee "reaching an age of possible diminished earning capacity." *In re Allsup*, 926 S.W.2d at 328. In the case before us, the dependency benefits received by David's daughter arose as a result of David's contributions to the benefits by deduction of wages throughout his working life. Because social security benefits have been earned by the obligor parent and are available funds, it is equitable to treat the benefits as a substitute for child support during the period in which such benefits are received. *Potts*, 240 N.W.2d at 681.

■ Allowing a credit for retirement dependency benefits does not jeopardize the intent behind a child support order. "The use of social security payments to satisfy a child-support obligation is merely a change in the manner of payment; the nature of the funds is the same." *McClaskey*, 543 S.W.2d at 834. Allowance of a credit for social security retirement dependency benefits does not interfere with the best interests of the dependent child as the child will still receive the entire amount of support ordered in the dissolution decree. From a purely economic perspective, the actual source of the payments is not important to the custodial parent as long as the payments continue to be made in conformance with the dissolution decree. *See Miller*, 890 P.2d at 577 (quoting *Davis v. Davis*, 141 Vt. 398, 449 A.2d 947, 948 (Vt.1982)); *see also Binns v. Maddox*, 57 Ala.App. 230, 327 So.2d 726, 728 (Ala.Civ.App.1976) (because support order is for benefit of the child, even though custodial parent receives the payment, if the sum to be paid by the non-custodial parent is paid by the government via social security benefits, the real purpose of the child support order has been accomplished); *Brewer*, 509 N.W.2d at 16. An obligor parent is entitled to a credit only up to the extent of his or her obligation for monthly payments of child support made during the period in which the child receives benefits on the obligor parent's behalf. *See Potts*, 240 N.W.2d at 682. The excess is regarded as a gratuity to the child under the support order. *See Childerson*, 144 Ill.Dec. 551, 555 N.E.2d at 1073 (citing *Andler*, 538 P.2d at 654). A credit is not available if the basis of the social security account is not that of the child support obligor. We overrule *State ex rel.*

---

**2.** Other courts have gone even further holding military benefits paid to the dependents of divorced servicemen discharge the non-custodial parent's child support obligation. *See, e.g., Thompson v. Thompson*, 254 Ark. 881, 496 S.W.2d 425, 426 (Ark.1973); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649, 654 (Kan.1975); *Palow v. Kitchin*, 149 Me. 113, 99 A.2d 305, 308 (Me.1953); *Kipping v. Kipping*, 186 Tenn. 247, 209 S.W.2d 27, 29 (Tenn. 1948). Similarly, other courts have held a parent is entitled to a credit for social security death benefits. *See, e.g., Gilford v. Wurster*, 24 Ohio App.3d 77, 493 N.E.2d 258, 260 (Ohio Ct.App.1983).

*Pfister v. Larson* to the extent it is in disagreement with our holding.

In his petition for modification, David requested a credit for social security retirement dependency benefits. We consider whether this was the correct procedure for him to follow in order to obtain the credit. Jurisdictions explicitly allowing a credit do so through a variety of procedures. *See generally* Kricken, 2 Wyo. L.Rev. at 81 (citing J. Eric Smithburn, *Removing Nonconforming Child Support Payments from the Shadow of the Rule Against Retroactive Modification*, 28 J. Fam. L. 43 (1990)).

In the interests of certainty and protecting the current needs of children in receiving regular and uninterrupted support, the obligor parent has an affirmative duty to seek formal modification of the support order. *See, e.g., In re Estate of Patterson*, 167 Ariz. 168, 805 P.2d 401, 405 (Ariz.Ct.App.1991) (requiring formal modification hearing to obtain credit for disability benefits); *Burnham v. Burnham*, 743 S.W.2d 568, 569 (Mo.Ct.App.1987); *Arnoldt v. Arnoldt*, 147 Misc.2d 37, 554 N.Y.S.2d 396, 398 (N.Y.Sup.Ct.1990); *Hinckley v. Hinckley*, 812 P.2d 907, 911–12 (Wyo.1991). This rule is consistent with the public policy that courts, not the parties, should fix the proper amount of child support. *In re Estate of Patterson*, 805 P.2d at 405. Requiring an obligor parent to seek a formal modification of the support obligation preserves certainty of judgments. "One of the primary purposes of these uniform guidelines is to provide an efficient, equitable, and predictable method of determining the amount of child support." *See Gilley v. McCarthy*, 469 N.W.2d 666, 667 (Iowa 1991).

"[T]he burden of seeking modification of a support order rightfully lies with the parent who seeks to offset a support obligation against social security benefits." *Newman*, 451 N.W.2d at 845.

This assignment of responsibility dovetails with the statutory scheme which allows for modification upon proof of a substantial change in circumstances relating to "employment, earning capacity, income or resources of a party." *Id.* (citing Iowa Code § 598.21(8)(a) (1987); *In re Marriage of Shepherd*, 429 N.W.2d 145, 146 (Iowa 1988)). The changed circumstance warranting modification is the receipt of federal social security benefits the child was not receiving at the time the dissolution decree was entered. Judgments for child support subject to modification may be retroactively modified only from three months after the date the notice of the pending modification petition is served on the opposing party. Iowa Code § 598.21(8) (2001). Retroactive modification would "fly in the face of our longstanding rule that a court has no authority to divest the parties of rights accrued under the original decree." *Newman*, 451 N.W.2d at 845. In the case before us, Belger followed the proper procedure for obtaining a credit by filing a petition for modification with the court.

## IV. Conclusion

We hold a retired parent must seek formal modification of his or her child support order with the district court. Upon petition for modification, the court shall grant to the obligor parent a credit to reflect the amount of social security retirement dependency benefits a child receives on the obligor parent's behalf. We vacate the court of appeals decision denying David a credit for the social security retirement dependency benefits his child received on his behalf. We likewise vacate the judgment of the district court. Based upon the record previously made, we remand to the district court for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF**

DISTRICT COURT REVERSED AND REMANDED.