STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,

v.

Roger Dale FRY; Vanessa Kay Fry, Appellees.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,

v.

Melvin HAWKINS, Appellee.

Nos. S-6471, S-6542.

Supreme Court of Alaska.

Nov. 22, 1996.

---

Scott Davis, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellant in S-6471.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant in S-6542.

---

Kenneth C. Kirk, Anchorage, for Appellee Roger Dale Fry.

Gregory Peters and Carol H. Daniel, Alaska Legal Services Corporation, Anchorage, for Appellee Melvin Hawkins.

Before RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

In two cases parents obliged to pay child support were given credit for children's insurance benefits (CIB) paid to the children because the obligor parents were eligible for federal social security benefits. The State of Alaska Child Support Enforcement Division (CSED) appealed in both cases. *Miller v. Miller*, 890 P.2d 574 (Alaska 1995), decided after CSED commenced these consolidated appeals, resolves most of CSED's arguments. The remaining issues are not ripe, or are not properly before us. In each case we affirm in part and remand in part.

### II. FACTS AND PROCEEDINGS

#### A. State of Alaska, CSED v. Fry

Roger and Vanessa Fry[1] married in 1979 and had one child, Alexandria. When their marriage was dissolved, the court ordered Roger to pay $320 in monthly child support beginning August 1, 1985.

Roger suffered a work-related injury in August 1985 and failed to maintain his child support payments. As of November 1989 his child support arrearages were approximately $12,000. In November 1989 Roger became eligible to receive federal social security disability benefits. His disability made Alexandria eligible that same month to receive children's insurance benefits.[2] Also in November 1989 Vanessa began receiving Aid to Families with Dependent Children (AFDC). In 1994 Alexandria received a lump-sum payment of $23,218 for CIB accrued from November 1989 through January 1994. She also began receiving monthly CIB payments of $492.

In October 1993 the superior court found that Roger did not have the present ability to pay child support and held that the CIB payments were "to be credited to [Roger]." In November the State moved for relief from this order, arguing that CIB payments should not be counted as child support. By order of June 17, 1994, the superior court held that Alexandria's CIB payments may offset Roger's child support obligations. The superior court also held that any arrearage accrued during Roger's disability may be offset by the lump-sum CIB payment. The superior court held that arrearages accumulated before the disability may not be offset by CIB payments. CSED appeals.[3]

#### B. State of Alaska, CSED v. Hawkins

In 1979 Melvin Hawkins became permanently disabled as a result of brain surgery. In 1983 he married Mary Chuitt. Two children were born of the marriage. As a result of Melvin's disability, the children received monthly CIB payments of $76 per child. The marriage was dissolved in 1985 and Melvin was ordered to pay child support of $76 per month per child. From the testimony of Mary Hawkins and the Hawkins' attorney at

---

1. Vanessa Fry did not enter an appearance in this appeal.

2. CIB payments are retroactive to the date of the parent's eligibility for social security benefits. 42 U.S.C. § 402(d)(1).

3. Roger Fry argues that the State filed an earlier appeal on December 10, 1993, depriving the superior court of jurisdiction to enter the June 17, 1994, order which is the subject of the present appeal. That earlier appeal, taken from an October 29, 1993 order and designated No. S–6111, was actually accepted for filing on December 17, 1993. However, on December 15, 1993, the superior court entered an order requesting additional information and scheduling a hearing. On January 28, 1994, we granted the State's motion to dismiss No. S–6111. The superior court consequently had jurisdiction to enter the June 17, 1994 order.

Nonetheless, the June 17, 1994, order is not a final judgment appealable as of right because it did not decide what arrearages remained after the credit allowed by the superior court. *See* Alaska R.App. P. 204. The order apparently contemplated further calculations before a judgment could be entered. We choose to treat CSED's appeal as a petition for review of that portion of the order that offset CIB payments against Roger Fry's current child support obligation. Alaska R.App. P. 403.

the dissolution hearing, it appears the parties intended the child support payments to be satisfied by the CIB payments. The dissolution order entered by Judge Victor D. Carlson, however, did not explicitly state that CIB payments would satisfy Melvin's support obligations.

Mary sporadically received AFDC benefits between 1984 and 1994. CSED did not credit the CIB payments against Melvin's child support obligation and sought recovery from Melvin for support arrearages. The superior court held that the CIB should offset Melvin's child support obligation per the order the superior court had previously entered in the *Fry* litigation discussed above. CSED appeals.

## II. *DISCUSSION*

### A. *Offsetting CIB Payments against Child Support*

██ The superior court decided both cases before we issued our decision in *Miller v. Miller*, 890 P.2d 574 (Alaska 1995). In that case we decided the primary legal issue in the cases now before us, i.e., whether CIB payments should be credited as child support. As we recognized in *Miller*, the majority position is that CIB should be treated as earned income of the parent from whom CIB eligibility is derived. *Id.* at 576 (citing *Pontbriand v. Pontbriand*, 622 A.2d 482, 484 (R.I.1993); Bruce I. McDaniel, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Governmental Dependency Payments Made for Benefit of Child*, 77 A.L.R.3d 1315, § 5 (1977 & Supp. 1994)). In *Miller* we stated:

> The majority view thus regards social security benefits as earnings of the contributing parent and, for this reason, allows benefits paid to a child on the parent's behalf to be credited toward child support obligations.
>
> We find the majority view persuasive. The primary purpose of Civil Rule 90.3 "is to ensure that child support orders are adequate to meet the needs of the children, subject to the ability of the parents to

pay." Alaska R. Civ. P. 90.3 Commentary I(B). Social security benefits payable to a child are geared toward fulfilling the same objective. Although the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions.

890 P.2d at 577 (citations omitted). We continue to find this reasoning persuasive.

In effect, CSED argues that we should reconsider *Miller* on the theory that CSED's arguments were not fully briefed or considered there and merit further consideration. CSED's arguments do not persuade us that we should overrule *Miller*.

CSED first argues that CIB are not earned by the contributing parent, but rather represent a gratuity to children from the federal government. In support, the State cites the fact that parents pay no additional premium to obtain coverage for children and that CIB payments do not reduce the parents' benefits. Notwithstanding these facts, CIB are contingent upon the parent's eligibility for social security benefits. 42 U.S.C. § 402(d). The work history of the parent determines eligibility and the benefit levels are calculated according to the parent's earnings history. 42 U.S.C. §§ 402(d)(2), 413–15. In reality, if the parent had low past earnings or an insufficient work history, CIB would be correspondingly less or nonexistent. *See* 42 U.S.C. §§ 402(d), 413–15.

CSED similarly argues that the superior court should have considered the CIB payments to be income of the children, rather than income of the non-custodial parent. Our reasoning in *Miller*—that the benefits are earnings derived from past contributions and should be counted as the non-custodial parent's income—correctly disposes of this argument. 890 P.2d at 578.

██ CSED also argues that non-custodial parents should be required to pay the minimum amount of support, notwithstanding the CIB payments.[4] We decided this issue in

---

**4.** Civil Rule 90.3 requires that the non-custodial parent "must be ordered to pay a minimum child

support amount of no less than $50.00 per month

*Miller* and rejected an argument that CIB payments should not offset the $50 monthly minimum child support. We stated of Civil Rule 90.3(c)(1)(B):

> This provision might be interpreted to require an out-of-pocket payment of at least $50 by Sonny. Such an interpretation, however, would cast the rule in a distinctly penal light and would be inconsistent with its primary purpose of ensuring that the needs of children are adequately met. We decline to construe Rule 90.3 as precluding Sonny's social security benefits from offsetting the full amount of his support obligation.

890 P.2d at 578 n. 7.

CSED also argues in *Fry* that *Miller* creates a disparity between children of intact and divorced families. Its argument is based on an assumption that a child receiving CIB payments in an intact family also receives additional support from the disabled parent's own benefits. This is a doubtful assumption, unsupported by any legal or factual authority cited by CSED. To the extent this proposition might be valid, its effect will be minimized because, for reasons discussed below, CIB payments must be counted as part of the obligor parent's income.

In short, the better-reasoned approach offsets CIB against child support obligations. The reasons articulated in *Miller* are equally persuasive when a child also receives AFDC. CIB eligibility and benefit calculations, based on parental work history and earnings, are the same regardless of whether a child receives public assistance. 42 U.S.C. §§ 402(d), 413-15. The fact that a child receives AFDC assistance does not justify withholding an offset of CIB against an obligor parent's ongoing support obligations to his or her children.

CSED argues in *Fry* that *Miller* impairs the State's ability to collect reimbursement for AFDC payments. Assuming that is so, it does not convince us *Miller* was decided incorrectly. We also note that CSED has not established that it attempted to require Roger Fry to reimburse the State for AFDC payments.

CSED argues in *Fry* that we should apply *Miller* only prospectively. We need not decide that issue. Mr. Fry and Mr. Hawkins both squarely raised the offset question before we issued *Miller* and should therefore receive the benefit of that decision. *See Plumley v. Hale,* 594 P.2d 497, 505 (Alaska 1979) (holding that fairness may require that litigants who successfully urge the adoption of a new rule benefit from retroactive application of that rule). Whether other persons should also receive such an offset is not now before the court.

CSED alternatively argues in *Hawkins* that if CIB payments are to be considered income of the non-custodial parent, it was error not to include those payments in the father's adjusted annual income. We agree. We issued *Miller* after the superior court ruled on this issue. We there held that CIB received by the child should be included in the non-custodial parent's income when child support is calculated. *Miller,* 890 P.2d at 578. We remand *Hawkins* for calculation of child support based on income which includes the CIB. (We note that Hawkins will not have to pay child support as long as the CIB payments continue to equal or exceed the recalculated child support obligation.)

**B.** *Offsetting CIB Payments against Support Arrearages*

■ Roger Fry accumulated unpaid child support arrearages both before and after he became eligible for disability benefits and thus both before and after his disability rendered his daughter eligible to receive CIB. She received a lump-sum CIB payment in early 1994, representing benefits that accrued from November 1989 through January 1994, and continued to receive monthly CIB payments thereafter. The superior court held that the lump-sum CIB payment should be credited against the arrearages accrued after Roger's disability began. It also held that CIB payments should not offset arrearages accumulated before the disability began.

The superior court contemplated that the arrearages and offset be calculated, but no order or judgment form before us specifies

except as provided in paragraphs (a)(3) and (b)."

Alaska R. Civ. P. 90.3(c)(1)(B).

what arrearages the court attributed to Roger Fry or what credit was allowed or to be allowed. It appears CSED may have appealed before those calculations could be made. It is also unclear whether the superior court, when referring to Roger's "disability," was referring to his 1989 eligibility to receive disability benefits or his 1985 work-related injury. Depending upon the superior court's view, the total pre-disability arrearages would be substantially different.

We decline to review these non-final rulings and to consider piecemeal the issue of whether to credit CIB against arrearages. We prefer to await entry of a final judgment. Although we have chosen to review the offset issue shared in the *Fry* and *Hawkins* cases, in part to respond to CSED's arguments that *Miller* should be reconsidered, appellate consideration of the arrearage issue should await a final judgment.[5]

## IV. CONCLUSION

We reaffirm and extend *Miller* to hold that ongoing support obligations of obligor parents are offset by CIB payments made to their children, including children who have received AFDC assistance.

For the reasons expressed above, we AFFIRM the judgment in *Hawkins* and the order crediting Hawkins with the CIB payments, but remand for recalculation of Hawkins's monthly child support obligation. In *Fry*, we conclude that there is no final judgment; treating CSED's appeal as a petition for review, we affirm the order crediting the CIB payments against Roger Fry's ongoing monthly child support obligation.[6] Given the uncertainty about the amounts of the arrearages and the offsets contemplated by the superior court, we decline to consider whether CIB payments should be offset against Fry's support arrearages accumulated either before or after he became disabled and eligible for social security benefits.

MOORE, C.J., not participating.

---

**5.** Other potential issues which are neither briefed nor argued, and on which we indicate no view, are whether CIB payments made to a child subsequent to payment of AFDC benefits by the State discharge the obligor parent's liability to the State under an assignment theory pursuant to AS 47.25.345, under a subrogation theory pursuant to AS 25.27.130(a), or under a direct statutory liability theory pursuant to AS 25.27.120(a).

**6.** In his last argument, Roger Fry requests an enhanced appellate attorney's fee award. Technically, Fry's argument raises no issue for consideration by the full court because Fry does not seek review of a ruling of the superior court. Attorney's fees may be allowed to a prevailing appellee pursuant to Alaska Appellate Rule 508(b) and (e). Such awards are addressed in the first instance to a single justice. Alaska R.App. P. 503(f). That award is subject to reconsideration by the full court. Alaska R.App. P. 503(g). Fry seems to argue that he is entitled to an enhanced fee because he, by allegedly pressing his case on behalf of other disabled obligors, is a public interest litigant and because our earlier ruling in *Miller* renders the State's position frivolous. Although the amount of any award is initially addressed to the discretion of a single justice, we note that Fry could not be considered a public interest litigant and that the State's position is not frivolous.