Richard **HERMOSILLO**, Appellant,

v.

Mary K. **HERMOSILLO** and State of Alaska, Department of Revenue, Child Support Enforcement Division, Appellees.

No. S–7886.

Supreme Court of Alaska.

Aug. 14, 1998.

Richard Hermosillo, pro se, Anchorage, Appellant.

Diane L. Wendlandt, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee State of Alaska.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

PER CURIAM.

### I. INTRODUCTION

Richard Hermosillo appeals the superior court's denial of his Alaska Civil Rule 60(b) motion seeking relief from a child custody, visitation, and support order. We conclude that the superior court erred in failing to incorporate Child Insurance Benefits (CIB) into its calculation of Richard's child support arrears and in ordering that visitation sanctions would offset that debt.[1] We remand to the superior court for a recalculation of Richard's child support arrears.

### II. FACTS AND PROCEEDINGS

During their marriage, Richard and Mary Hermosillo had one child, Paul, born August 31, 1978. Richard and Mary were divorced in 1982. The superior court ordered Richard to pay child support for Paul in the amount of $150 per month. In 1983 the superior court reduced Richard's support obligation to $100 per month, but in 1984 it reinstated the original $150 amount at the request of the Child Support Enforcement Division (CSED), which was providing Mary public assistance on behalf of Paul.[2] CSED, however, failed to enter this change into its computer system and undercharged Richard until it discovered its mistake in 1996.

In August 1984 Paul became eligible for CIB payments when Richard became disabled. In 1986 the Social Security Administration paid retroactive benefits on Paul's behalf in a lump-sum amount. It is unclear which parent received Paul's monthly CIB checks from 1986 to 1987. After 1987 periodic payments of varying amounts were apparently sent to Mary. In 1988 Richard contacted CSED about the effect of the CIB payments on his child support obligation. In 1990 CSED informed Richard that his support arrearage would continue to accrue without any credit for the CIB payments.

As a result of an ongoing child custody and visitation dispute between the parties, Mary removed Paul from the state in December of 1993, in violation of the standing custody order. In October 1994 the superior court issued an order awarding Mary full custody and granting Richard visitation during the month of July every year. The court ordered Mary to pay the transportation for these summer visits. The court also ordered that each day of missed visitation would be deemed a violation of the custody decree and would result in a $200 sanction to be offset against Richard's child support arrears. The court held, however, that the sanctions would cease once Richard's child support debt was satisfied.

When Paul did not return to Alaska for scheduled visitation in July 1995, Richard

---

1. We do not address Richard's custody or visitation arguments because they became moot when Paul turned 18 years of age on August 31, 1996. *See* AS 25.20.010 ("A person is considered to have arrived at majority at the age of 18, and thereafter has control of the person's own actions...."); *Turinsky v. Long,* 910 P.2d 590, 594 n. 9 (Alaska 1996) (treating custody issues as moot where child had reached age of majority before appeal was taken but addressing child support issues).

2. The State provided public assistance through April 1986.

filed a Rule 60(b) motion for relief from the 1994 order. He addressed a wide array of issues including custody and visitation, sanctions, and, for the first time, whether CIB credits should offset his child support obligation. The superior court denied Richard's motion with respect to custody and visitation, but held that Richard owed the State a public assistance debt of $7,531.22. The superior court also ruled that Richard owed Mary approximately $5,295 in child support arrears, but ordered that visitation sanctions in the amount of $12,000 would be offset against that amount. The superior court found that, because the sanctions fully offset the child support arrearage, it was unnecessary to incorporate the CIB payments into its calculation of Richard's arrears. The superior court did conclude that neither the CIB payments nor the sanctions could be used to offset Richard's public assistance debt.

CSED discovered its earlier accounting error while preparing its proposed order and filed a new audit with the superior court. The superior court denied CSED's attempt to reopen the matter. The superior court issued a written order entering judgment in favor of the State for the public assistance debt, reaffirming the imposition of sanctions and corresponding offset against arrears and denying Richard's pending motions concerning visitation and custody. Finally, the superior court held that if the child support debt was greater than the amount of the sanctions, the "CIB issue may be raised through an appropriate motion." Richard appeals.

## III. DISCUSSION

### A. Standard of Review

■ Whether the superior court appropriately considered CIB in the computation of Richard's child support arrears is a question of law that we review *de novo*. *See Pacana v. State, Dep't of Revenue*, 941 P.2d 1263, 1264 (Alaska 1997) (citing *Miller v. Miller*, 890 P.2d 574, 576 (Alaska 1995)). Whether visitation sanctions may offset child support arrears is a question that involves statutory interpretation and therefore is also

reviewed *de novo*. *See Aetna Cas. & Sur. Co. v. Marion Equip. Co.*, 894 P.2d 664, 666 (Alaska 1995). "Under this standard, our duty is to adopt the rule of law that is most persuasive in light of precedent, reason and policy." *Pacana*, 941 P.2d at 1264 (quotation and citation omitted).

■ We will overturn a superior court's child support determination only if the court abused its discretion, or if its factual findings are clearly erroneous. *See Nass v. Seaton*, 904 P.2d 412, 414 (Alaska 1995).

### B. The Superior Court Erred in Failing to Incorporate the CIB Payments into the Calculation of Richard's Support Arrears.

■ Richard argues that the superior court erred in failing to consider the CIB payments when it calculated his arrears. He contends that CSED should have offset his arrears with the CIB payments before incorporating the visitation sanctions. CSED agrees that remand for recalculation is necessary, claiming that the offset of visitation sanctions violated AS 25.27.080(c). CSED also seeks to recalculate the arrears using the correct child support obligation of $150 per month.

We agree that the superior court erred in failing to account for the CIB payments when calculating Richard's arrears. We note, however, that the trial court rendered its decision without the benefit of our decisions in *Pacana v. State, Department of Revenue*, 941 P.2d 1263 (Alaska 1997) and *State, Department of Revenue v. Fry*, 926 P.2d 1170 (Alaska 1996), each extending the rule of *Miller v. Miller*, 890 P.2d 574, 577 (Alaska 1995).

In *Miller*, we adopted the majority view permitting social security benefits[3] paid to a child on the parent's behalf to be credited toward child support obligations. *See* 890 P.2d at 577. We reasoned:

The primary purpose of Civil Rule 90.3 is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of the parents to pay. Social security benefits payable to a child

---

3. For the purposes of our analysis in *Miller*, we held that there is no reason to distinguish between social security retirement benefits and so-

cial security disability benefits. *See Miller v. Miller*, 890 P.2d 574, 577 (Alaska 1995).

are geared toward fulfilling the same objective. Although the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions.

*Id.* (citations omitted).

In *Fry*, we reaffirmed and extended *Miller* "to hold that ongoing support obligations of obligor parents are offset by CIB payments made to their children, including children who have received AFDC assistance."[4] *Fry*, 926 P.2d at 1174. Finally, in *Pacana*, we addressed whether CIB payments may retroactively offset child support arrears that accrued before the parent moved to modify child support. *See Pacana*, 941 P.2d at 1264–66. There, we read Rule 90.3(h)(2)[5] to allow an automatic credit against child support arrears for CIB. *See id.* at 1266. We reasoned that "[t]he Rule 90.3(h)(2) restriction only applies to retroactive changes in the amount of the child support award," but "[b]ecause the CIB payments are regular monthly payments and the custodial parent is aware of them, they can be credited against a child support obligation." *Id.*

Given our prior holdings, the superior court erred in calculating Richard's arrears without first having accounted for the CIB payments. Accordingly, we remand the matter to the superior court for a determination of Richard's support and public assistance arrears.

**C. *The Superior Court Erred in Ordering the Visitation Sanction to be Offset against Richard's Support Arrears.***

In 1994 the trial court's order provided for sanctions of $200 for each day that

Richard was deprived of visitation with Paul. The 1996 judgment ordered that a total of $12,000 in visitation sanctions be deducted from Richard's support arrears. While CSED agrees with Richard that his child support arrears must be recalculated to take into account the CIB payments, it contends that AS 25.27.080(c) prohibits the trial court from applying the visitation sanctions as an offset against the corrected amount. We agree.

We interpret a statute by examining its language with a view towards its purpose. *See Beck v. State, Dep't of Transp. & Pub. Facilities*, 837 P.2d 105, 116–17 (Alaska 1992). "Under our 'sliding scale' approach to statutory interpretation, the plainer the language of the statute the more convincing the evidence of contrary legislative intent must be." *O.R. v. State, Dep't of Health & Soc. Servs.*, 932 P.2d 1303, 1310–11 (Alaska 1997).

Alaska Statute 25.27.080(c) provides that

> [t]he determination or enforcement of a duty of support is unaffected by any interference by the custodian of the child with rights of custody or visitation granted by a court.

The language of this provision is clear and unambiguous; a noncustodial parent's support obligation may not be reduced due to a custodial parent's conduct in interfering with his or her visitation rights. Richard has pointed to no contrary legislative intent. Allowing visitation sanctions to be offset against child support arrears would certainly affect the determination and enforcement of Richard's child support obligation, thus ac-

---

4. We explained:
   CIB eligibility and benefit calculations, based on parental work history and earnings, are the same regardless of whether a child receives public assistance. The fact that a child receives AFDC assistance does not justify withholding an offset of CIB against an obligor parent's ongoing support obligations to his or her children.
   *State, Dep't of Revenue v. Fry*, 926 P.2d 1170, 1173 (Alaska 1996) (citations omitted).

5. Alaska Civil Rule 90.3(h)(2) provides:
   Child support arrearage may not be modified retroactively, except as allowed by AS 25.27.166(d) [disestablishment of paternity]. A modification which is effective on or after the date that a motion for modification, or a notice of petition for modification by the Child Support Enforcement Division, is served on the opposing party is not considered a retroactive modification.

complishing what the statute expressly prohibits. On remand, the superior court should not include the visitation sanctions in its recalculation of Richard's arrears.

### D. *Other Considerations on Remand*

 CSED's 1984 record-keeping error did not have the effect of modifying a court-ordered support obligation. On remand the superior court should instruct CSED to recalculate Richard's arrears based upon the \$150–per–month support obligation that the court reinstated in 1984. Furthermore, because the record is unclear, the superior court may also wish to consider additional evidence to determine which parent received the CIB payments on behalf of Paul and when those payments were received.[6]

### IV. *CONCLUSION*

We VACATE the superior court's order and REMAND for a recalculation of Richard's child support arrears and public assistance debt in a manner consistent with this opinion.

---

6. We do not reach the issue of whether the CIB payments may offset Richard's state public assistance debt. Neither party has directly appealed or adequately briefed this issue.

Additionally, as CSED argues, the recalculation on remand may eliminate the need to decide whether CIB can offset against prior public assistance debt.