Mindy Lynn OSMAR, Appellant,

v.

Gary Lee MAHAN, Appellee.

No. S–10299.

Supreme Court of Alaska.

Aug. 16, 2002.

Max F. Gruenberg, Jr. and Jennifer L. Holland, Gruenberg, Clover & Holland, Anchorage, for Appellant.

No appearance by Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

When the trial court calculated Mindy Lynn Osmar's child support obligation for her son, Steele, the court included in Mindy's income the Social Security benefits that Ashley, Mindy's child from a previous marriage, receives because of the death of Ashley's father. Yet, federal law restricts Mindy's use of these benefits to Ashley's care and maintenance; they are not available to support Steele. We therefore conclude that the trial court erred by including the payments in Mindy's income for purposes of determining child support under Alaska Civil Rule 90.3.

## II. FACTS AND PROCEEDINGS

Mindy Lynn Osmar and Chris Osmar married and had one child, Ashley Osmar. After the couple's divorce, Chris became disabled and died. Mindy receives Social Security children's insurance benefits (CIB) ranging from $922 to $954 per month on Ashley's behalf because of Chris's disability and death. The checks are from the United States Treasury and are made out to "Mindy Osmar for Ashley M. Osmar" and list Ashley's Social Security number.

Mindy and Gary Lee Mahan were married in April 1997 and separated in January 2000. They have one son together, Steele Lee Mahan, born July 3, 1998. Mindy filed for divorce on March 8, 2000 and both Mindy and Gary sought legal and physical custody of Steele and child support from each other. Under the terms of a Domestic Violence Protective Order, Mindy was awarded temporary custody of Steele. However, because of Mindy's work schedule, Mindy has Steele from Sunday at 6:00 p.m. until Tuesday at

5:30 p.m. and Wednesdays, Thursdays, and Fridays from 9:00 a.m. to 5:30 p.m.

In its order on interim child support of May 17, 2000, the superior court concluded that although Steele spends the night with Mindy less than thirty percent of the time, a departure from the overnight accounting method was warranted because Steele spends a majority of his waking hours with Mindy. Accordingly, the superior court calculated child support based on a 50/50 shared custody formula and ordered Mindy to pay Gary $26.61 per month for child support. The superior court included in Mindy's income the CIB payments that Mindy receives on Ashley's behalf.

Mindy moved for reconsideration, arguing that "[f]or child support purposes, Ashley is irrelevant. She is not a child of the marriage and her income and expenses are irrelevant." In ruling on the motion for reconsideration, the superior court interpreted Alaska Civil Rule 90.3 as requiring inclusion of the Social Security benefits in Mindy's income. However, it reduced the order against Mindy from $26.61 per month to $0, concluding that good cause existed under Rule 90.3(c)(1) to vary the award.

After a two-day trial in January 2001, the trial court again rejected Mindy's argument that the Social Security benefits should not be included in her income for Rule 90.3 purposes. In its April 6, 2001 decision, the superior court analyzed the three cases on which Mindy relied—*Miller v. Miller*;[1] *State, Department of Revenue v. Fry*;[2] and *Pacana v. State, Department of Revenue*[3]—and reaffirmed its prior decision: "Because Ashley's father, rather than Plaintiff, is the 'source' of the benefits to Ashley, Plaintiff is not entitled to an offset of those benefits against her income or child support obligation." The superior court, however, adjusted its calcula-

tion of support on other grounds and ordered Gary to pay Mindy $259 per month in child support.

On September 6, 2001, after having denied two motions by Mindy for reconsideration, the superior court entered a child support order requiring Gary to pay $270.50 to Mindy in child support, effective April 6, 2001. Mindy appeals both the interim and final child support orders on the basis that the CIB payments should not be included in her income.

## III. DISCUSSION

### A. Standard of Review

■ We generally will review a child support decision only for an abuse of discretion or for a determination of whether the trial court's factual findings are clearly erroneous.[4] However, whether the trial court properly included Social Security CIB benefits in Mindy's income is a question of law that we review de novo.[5] Under this standard, we will adopt the rule of law that is most persuasive in light of precedent, reason, and policy.[6]

### B. The Trial Court Erred by Including in Mindy's Income CIB Social Security Payments Made to Mindy for Ashley.

■ How to account for CIB payments that a child from a previous relationship receives and which are not attributable to the disability of either of the parties is an issue of first impression in this court. The trial court included the Social Security CIB payments in Mindy's income, justifying its decision on the basis that "Rule 90.3 requires the court to consider the parent's total income from all sources." The court went on to explain:

1. 890 P.2d 574 (Alaska 1995).

2. 926 P.2d 1170 (Alaska 1996).

3. 941 P.2d 1263 (Alaska 1997).

4. *Bennett v. Bennett*, 6 P.3d 724, 726 (Alaska 2000); *Hermosillo v. Hermosillo*, 962 P.2d 891, 893 (Alaska 1998).

5. *Hermosillo*, 962 P.2d at 893 ("Whether the superior court appropriately considered CIB in the computation of [the father's] child support arrears is a question of law that we review de novo."); *see also J.L.P. v. V.L.A.*, 30 P.3d 590, 594 (Alaska 2001) ("The interpretation of Alaska Civil Rules governing child support orders is reviewed de novo.").

6. *Miller*, 890 P.2d at 576.

Section III.A. of the Commentary to Rule 90.3 provides that this directive be interpreted broadly "to include benefits which would have been available for support if the family had remained intact." The court notes that the social security benefits at issue here are not "means-based" sources of income, thus they are not deductible on this basis. In addition, it would appear to the court that the social security payments—albeit received for her daughter—are made available to Ms. Osmar to do with as she sees fit. The court sees no evidence to suggest that there are any restrictions whatsoever on the uses to which Ms. Osmar can put these funds. Under these circumstances, the court finds that these funds are properly considered "income" for purposes of calculating child support under Rule 90.3 and plaintiff has cited no authority to the contrary.

We disagree with the superior court's analysis. The superior court is correct that Rule 90.3(a)(1) provides that, for purposes of calculating child support, income includes "the parent's total income from all sources." And the commentary to Rule 90.3 indicates that income "should be interpreted broadly to include benefits which would have been available for support if the family had remained intact," including Social Security, veterans benefits, and insurance benefits which replace earned income such as workers' compensation or periodic disability payments.[7]

However, there are restrictions on Mindy's use of Ashley's Social Security CIB payments. Federal law requires that Social Security disability and death benefits paid to a child be used for that child's maintenance:

> We will consider that payments we certify to a representative payee have been used for the use and benefit of the beneficiary if they are used for the beneficiary's current maintenance. Current maintenance includes costs incurred in obtaining food, shelter, clothing, medical care, and personal comfort items.[8]

Mindy has a duty to invest or conserve for Ashley any payments in excess of Ashley's maintenance needs.[9] Mindy is constrained by federal law in her use of the Social Security payments for anything other than the maintenance and care of Ashley, and that money was therefore not available to Mindy to support Steele when Mindy and Gary were still married and the family was intact.[10]

In addition, under Alaska Civil Rule 90.3, child support is not income.[11] As Mindy correctly characterizes it: "Here the payments are received because of the death of Ashley's father and come to Ashley, through Mindy, as a substitute for *his* child support. Thus they are not income to Mindy, but similar to child support for Ashley." The Social Security payments should have been excluded from Mindy's income in calculating the child support award for Steele.

---

7. Alaska R. Civ. P. 90.3 cmt. III.A. Mandatory deductions are subtracted from each parent's income, including "[c]hild support and alimony payments paid to another person arising out of different cases ... if three conditions are met." Alaska R. Civ. P. 90.3 cmt. III.D; *see also* Alaska Civil Rule 90.3(a)(1)(B). A deduction is also permitted for child support paid for children from prior relationships living with the parent, "even if the party is the custodial parent of the 'prior' children and does not make child support payments to the other parent of the children." Alaska R. Civ. P. 90.3 cmt. III.D; *see also* Alaska R. Civ. P. 90.3(a)(1)(C).

8. 20 C.F.R. § 404.2040(a)(1) (2002).

9. *See* 20 C.F.R. § 404.2045(a) ("After the representative payee has used benefit payments consistent with the guidelines in this subpart (see § 404.2040 regarding use of benefits), any remaining amount shall be conserved or invested on behalf of the beneficiary.").

10. *See C.G.A. v. State*, 824 P.2d 1364, 1367 (Alaska 1992) (noting that the State may not order a noncustodial payee parent to pay over a child's Social Security benefits to a custodial parent, even if the payee parent was inappropriately spending the beneficiary's funds, because federal law provides a remedy when an appointed payee abuses her fiduciary duty).

11. *Faulkner v. Goldfuss*, 46 P.3d 993, 998 (Alaska 2002); Alaska R. Civ. P. 90.3 cmt. III.A. Although the Internal Revenue Code's definition of "income" differs from Rule 90.3's definition in other respects, it is noteworthy that federal income tax law also excludes child support from income. *See* 26 U.S.C. § 71(c)(1) ("Subsection (a) [providing that '[g]ross income includes amounts received as alimony or separate maintenance payments'] shall not apply to ... a sum which is payable for the support of children of the payor spouse.").

This conclusion is consistent with our prior decisions on how to account for Social Security benefits resulting from the disability of a parent who is a party to a child support dispute. In *Miller v. Miller*, we held that "benefits payable to a child must be included as income *of the contributing parent* for purposes of establishing the appropriate amount of child support under Civil Rule 90.3." [12] The contributing parent is then credited for the Social Security payments made to the child on his behalf.[13] We reasoned:

> The primary purpose of Civil Rule 90.3 is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of the parents to pay. Social security benefits payable to a child are geared toward fulfilling the same objective. Although the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions.[14]

Applying *Miller* to the present case, if Ashley's father were still alive, as the contributing parent he would have to include the $954 in his income for purposes of calculating his child support obligation for Ashley. He would then be permitted a $954 credit toward his total child support obligation, and the Social Security payments for Ashley could satisfy his obligation in full. Since the payments would be included in Ashley's father's income, it follows that they should not be included in Mindy's income.

## IV. CONCLUSION

Mindy is restricted by federal law to use the CIB payments exclusively for Ashley's maintenance and must invest or conserve any amount paid to her for Ashley which exceeds the cost of Ashley's maintenance. Because the CIB payments are not available to Mindy for Steele's care, they should not be included in her income for purposes of Rule 90.3. We REVERSE and REMAND for recalculation of the child support award in accordance with this decision.[15]

---

12. 890 P.2d 574, 577–78 n. 5 (Alaska 1995) (emphasis added).

13. *Id.* at 577.

14. *Id.* (internal quotations and citations omitted).

15. On remand, the trial court is free to reconsider whether good cause exists to vary the newly calculated award under Rule 90.3(c)(1).